Stanley E. ANDERSON, Plaintiff/Appellee,

v.

MILLER'S FAIRWAY FOODS, a corporation, Defendant/Appellant.

Civ. No. 9023.

Supreme Court of North Dakota.

Jan. 30, 1975.

Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, for defendant/appellant.

MacKenzie & Jungroth, Jamestown, for plaintiff/appellee.

PAULSON, Judge.

This is an appeal by Miller's Fairway Foods, a corporation, from a judgment entered February 1, 1974, in Stutsman County District Court in which Miller's was found liable for injuries to Stanley E. Anderson, and in which judgment Anderson was awarded $65,633.45.

Anderson commenced this action by service of a summons and complaint dated March 9, 1973, for injuries he sustained when he tripped and fell over some pieces of wire while walking in an alley behind Miller's grocery store in Jamestown, North Dakota.

At the time of the accident, Anderson was 46 years of age and had a life expectancy of approximately 26 years. He was self-employed as a contractor, doing carpentry and siding work.

Miller's operated a supermarket on the corner of Seventh Street and Tenth Avenue in Jamestown. Miller's made a practice of burning certain of its refuse in an incinerator located immediately behind its store.

The ashes were then collected by a sanitation company which had contracted to perform such service. The sanitation company's employees would empty the ashes from the incinerator into barrels, and empty the barrels weekly into their garbage truck. The nature of this operation was such that the barrels would be rolled from their location near Miller's building to the sanitation truck which was parked in the alley.

On March 28, 1970, Anderson and his wife walked from their home to a nearby beer parlor to make a telephone call, as they did not have a telephone in their home. The route they chose to follow took them through the alley behind Miller's business establishment. On the day in question, the alley was covered with compacted ice and snow, in which two ruts had been created by the continual passage of dual-wheeled delivery trucks that serviced the various businesses located on this particular city block. The Andersons chose to walk in the path made by these ruts. A number of wires were strewn throughout the alley, some of which were located in the ruts.

The trip through this alley to the beer parlor was negotiated without incident. Mr. Anderson did not notice any wires at this time. At some point during the return trip, Anderson became aware of the wires. Subsequently his feet became entangled in one of the wires and he fell to the ground.

The fall was the cause of a herniated disc in Mr. Anderson's spine. This condition was to be corrected by surgery, but before the surgery could be performed, Mr. Anderson suffered a cerebral vascular accident, or stroke. The stroke prevented the performance of the surgery.

The case was tried to the Stutsman County District Court without a jury. The district court made findings of fact and conclusions of law that are consistent with the awarding of the judgment to Anderson. Miller's predicates as erroneous a number of the district court's findings and conclusions, alleging that they are based upon insufficient evidence.

We note at the outset that our review of the district court's findings of fact is limited by the application of Rule 52(a) of the North Dakota Rules of Civil Procedure, which provides, in pertinent part:

"(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment . . . Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . . ."

■ Pursuant to Rule 52(a), the findings of the trial court in this case will not be set aside unless "clearly erroneous". We follow the interpretation of this phrase that has been previously adopted by this court and has since been consistently followed. As stated in Hoster v. Hoster, 216 N.W.2d 698, 701 (N.D.1974):

"In In re Estate of Elmer, 210 N.W.2d 815, 820 (N.D.1973), we interpreted the term 'clearly erroneous' as follows:

" 'A finding is "clearly erroneous" only when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed 746 (1948). The mere fact that the appellate court might have viewed the facts differently, if we had been the initial trier of the case, does not entitle us to reverse the lower court. Nee v. Linwood Securities Co., 174 F.2d 434 (8th Cir. 1949); Wright & Miller, Federal Rules of Civil Procedure, Sec. 2585, p. 729 et seq.' "

We shall now consider Miller's allegations of error, based upon the prescribed scope of review. Miller's alleges that the district court erred in finding: that Miller's was negligent; that Anderson was not contributorily negligent;[1] that Miller's deposited any wires in the alley; that the wires causing Anderson's fall came from Miller's store; that the employees of the sanitation company were agents of Miller's; and that Miller's was liable for an accident occurring in a public alleyway. Miller's also alleges that the district court erred in awarding excessive damages to Anderson. Finally, Miller's predicates as insufficient the evidence relied upon to support the above findings.

■ Examining the record before us we find there exists ample evidence to support the findings that Miller's deposited wires in the alley, that the wires causing Anderson's fall came from Miller's store, and that Miller's was negligent in allowing the wires to be so deposited.

A perusal of the record establishes that Miller's burned refuse, including wirebound produce and meat boxes, in its incinerator, which was located behind its building; that the debris from such burnings was emptied by sanitation employees into barrels to cool; that such barrels were then rolled into the alley and their contents emptied into a truck; that Miller's realized that on occasion the employees of the sanitation company spilled refuse on the ground; that Miller's employees had seen, on previous occasions, that wires from Miller's refuse had dropped out of the incinerator and either remained hanging from the burning barrels or were strewn on the ground after the barrels were emptied of their contents by the sanitation employees.

■ In addition, the trial court found that Miller's violated a Jamestown City Ordinance, No. 16–2, which provides in pertinent part:

"It shall be unlawful for any person to throw, deposit or permit to be thrown or

---

1. This action, having accrued in 1970, is not governed by the laws of comparative negligence enacted by the North Dakota Legislature in 1973.

deposited any garbage upon any street, alley, lot or premises or in any uncovered retainers or receptacles within the city, except upon the City sanitary landfill."

Violation of a statute or city ordinance is properly considered to be evidence of negligence. Steuber v. Hastings Heating & Sheet Metal Co., 153 N.W.2d 804 (N.D. 1967).

All of this evidence supports the trial court's findings of negligence on the part of Miller's. The evidence reveals that Miller's had knowledge, or should have had knowledge, that the sanitation employees at times spilled wires from the refuse on the ground.

Miller's next asserts that the district court erred in not finding Anderson contributorily negligent as a matter of law. Miller's cites Thomas v. City of Devils Lake, 143 N.W.2d 718 (N.D.1966), as support for Miller's contention that one who encounters an obvious danger and attempts to negotiate it is guilty of contributory negligence as a matter of law and therefore barred from recovery should such danger cause injury.

We find that Thomas is not controlling in the case at bar because of the disparity in the factual situation.

In the instant case, we cannot say that the evidence was such that it gave rise to contributory negligence as a matter of law. Testimony in the record shows that it was approaching dusk at the time Mr. Anderson fell, and he could not tell whether or not the wires were embedded in the snow and ice in the alley. The trial court could have found that, even though the wires had been seen by Anderson at some time prior to his fall, the danger represented by the wires was not so apparent as to bring this case within the rule expressed in Thomas.

Furthermore, the evidence shows that Anderson was walking in an ice-covered rut approximately eight inches deep, and wires were scattered throughout the alley on the ground. The trial court could have concluded that, if at some point Anderson realized his danger, he, nevertheless, acted in a rea-sonable manner by proceeding rather than turning back or stepping out of the rut and thereby risking a fall by slipping or stepping on more wires. In any event, we cannot say that the trial court's findings were clearly erroneous.

As stated in Schatz v. Jerke, 199 N.W.2d 908 (N.D.1972), in paragraph 1 of the syllabus:

"A finding of fact by the trial court that a party was not contributorily negligent, unless clearly erroneous, will not be disturbed on appeal."

■ Miller's further asserts that the trial court erred in awarding excessive damages to Anderson. We do not agree. In Strandness v. Montgomery Ward, 199 N.W.2d 690, 694 (N.D.1972), we stated:

"An award of damages will not be disturbed on appeal unless the award is so excessive or so inadequate as to be without support in the evidence."

We adhere to the rule enunciated in Strandness.

■ In the instant case, there exists ample evidence to support the judgment of $65,633.45 awarded by the trial court. The evidence shows that Anderson's injury is permanent and such evidence was unrefuted; that Anderson is unable to carry out his former employment; that prior to his injury he was the sole support of his wife and minor daughter, and that after such injury it was necessary for Anderson's wife to seek permanent employment to materially assist in the support of the family; that records introduced show that for the years between 1966 and 1970 Anderson's earnings ranged from $2,126.03 and $5,827.06 annually; that the testimony of Anderson relates that he earned, on the average, more than those sums, but that he did not keep records of his earnings; that at the time of the accident, Anderson's life expectancy was approximately 26 years.

On the basis of this evidence, the trial court's award of $36,000 for loss of future earnings and $11,700 for past earnings is not excessive.

■ Nor can we say that the award of $15,000 for pain and suffering is excessive. The evidence revealed that Anderson was subjected to a myelogram; that for a period of approximately four months after the accident Anderson could not dress himself without assistance; that Anderson on more than one occasion was given cortisone shots to ease his pain; that Anderson underwent daily therapy for a period of over two months; and that he complained of recurring pain in his hip for a period of at least four months. Such evidence supports the judgment.

■ We have considered Miller's contention that the district court erred in finding Miller's liable for an injury occurring on a public alleyway and, after reviewing the record, we consider such contention to be without merit.

Accordingly, the judgment of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.