**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Arlie T. PAULSON, Defendant and Appellant.**

**Crim. No. 562.**

Supreme Court of North Dakota.

July 27, 1977.

Rehearing Denied Aug. 18, 1977.

David Garcia, Devils Lake, for defendant and appellant.

Joseph Dietchman, States Atty., Minnewaukan, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

We are asked to dismiss this criminal appeal on the ground that the defendant has failed to file a brief, which brief has still not been filed some nine months after it became due.

On January 23, 1976, Arlie T. Paulson was convicted by a jury in the Benson

County court of increased jurisdiction of 12 counts of delivering an alcoholic beverage to a person under the age of 21 years. On February 3, 1976, he was sentenced to serve six months in the county jail and to pay court costs. He filed a notice of appeal to this court on February 12, 1976, and the sentence was stayed on February 18, pending disposition of the appeal. Following an extension of time for a transmittal of the trial transcript, the record was received by the clerk of the Supreme Court on June 30, 1976, and filed July 1, 1976. Thus, under Rule 31(a), N.D.R.App.P., the appellant's brief was due within 40 days after July 1, 1976.

The license to practice law of David Garcia, Paulson's attorney, was suspended by this court on June 29, 1976, and on July 1 of that year, Garcia sent Paulson the following letter:

"P. O. BOX 697 (Lakewood Park)
Devils Lake, North Dakota
58301
"Arlie T. Paulson
Maddock, North Dakota 58348
"Arlie:
"I am sorry to advise, but maybe you have heard, that my license to practice has been suspended by the Supreme Court of North Dakota.
"I have been advised to notify my clients about my suspension so that they can obtain other legal counsel and thus protect their interests respecting matters that I am handling for them.
"I have forwarded your certified check to the court reporter and have received a copy of the trial testimony. I have all other papers and my trial notes on file which I will make available to any lawyer you may hire. I do not know if I am to be permitted to discuss your case with the lawyer you get, but I will check on that point. I was instructed that I must not engage in any kind of activity that could be construed as practice of law . . . thus I do not know at this point how much help I will be to you hereafter.

"In any event, you or your lawyer, can pick up the file at my office. I enclose the nsf check for $400 which we had deposited with the reporter.
"Very truly yours,
"David Garcia"

Paulson, in an affidavit, acknowledged receipt of the letter from Garcia, and stated that he was unaware of the requirement that a brief be filed within 40 days of the filing of the transcript. He also stated that he was unaware that the transcript had been filed, but acknowledged that he had paid the court reporter for the transcript in order that it be released to his attorney. He further stated that he was unable to afford counsel to replace Garcia.

Garcia's license to practice law was reinstated on January 6, 1977. Upon being served the motion to dismiss the appeal in this case, dated May 19, 1977, Garcia contacted the defendant, Paulson, and learned that he had not obtained other counsel to represent him. Garcia then agreed to continue as Paulson's counsel on appeal. A brief and affidavits in opposition to the motion to dismiss the appeal have been received, although attorney Garcia did not appear to argue before this court with regard to this motion.

A brief on the merits of the appeal has not been filed on behalf of Paulson. Although he maintains that he has meritorious grounds for an appeal, the specific grounds have not been set forth. Consequently, we have no way of ascertaining whether such grounds exist. A statement that they do is not in itself convincing.[1]

In *State v. Vogan*, 243 N.W.2d 382 (N.D. 1976), a case in which we dismissed an appeal from a criminal conviction because of failure to comply with the Rules of Appellate Procedure, Justice Pederson on behalf of this court analyzed our treatment of similar motions.

"We have said that motions to dismiss (except upon jurisdictional grounds) are addressed to the discretion of this court, and that we prefer to hear appeals on

---

1. We note that in staying the sentence of imprisonment pursuant to Rule 8(c)(2), N.D.R.App.P., the trial judge did not, pursuant to the language of that rule, file a certificate that in his opinion, there was probable cause for the appeal. The order granting the stay recognized this requirement, but because the court was unable to contact counsel for Paulson the judge granted the order rather than place Paulson in jail.

their merits. When rules have been violated we have refused to dismiss but have given warnings to the Bar. Sometimes we have refused to dismiss when the rule violator had made the correction and was ready to proceed, and no prejudice resulted. In some cases we have refused to dismiss but have assessed substantial costs against the violator. We have refused to dismiss an appeal when the default was due solely to the laxity of the attorney, in order not to unduly penalize the client. When no good cause is shown why we should not do so, we have dismissed both civil and criminal appeals for rule violation. In addition, we dismiss both civil and criminal appeals when rule violations prevent us from assuming jurisdiction. Our discretion is exercised in a manner to promote justice." [Footnotes omitted.] *Id.* at 383.

For a brief summary of each of the major cases on this subject decided by this court, *see Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D. 1977).

In reviewing the motion to dismiss the appeal in this case, as viewed in the light of the considerations set forth in *State v. Vogan, supra,* the fact that no brief on the merits has yet been filed becomes increasingly important. As the brief has not yet been filed, this is not a case where the correction has been made and no inconvenience, detriment, or prejudice would result. *See Gerhardt v. Fleck, supra; Nodak Mutual Ins. Co. v. Loeffler,* 225 N.W.2d 286 (N.D. 1974); *Naaden v. Hagen,* 213 N.W.2d 702 (N.D.1973).

The State maintains that it is prejudiced in this case because of Paulson's failure to process his appeal. This court agreed with a similar contention in *State v. Vogan, supra.*

The State procured a conviction in this case upon a theory that it was in the interest of the people of North Dakota that the defendant serve the sentence which the presiding judge deemed appropriate following conviction. It is the purpose of the State in defending this appeal to see that this sentence is served.

Various theories have been advanced as reasons for punishing those convicted of crimes, all or most of which are persuasive to varying degrees. *See* W. LaFave and A.

Scott, Criminal Law § 5 (1972). The National Advisory Commission on Criminal Justice Standards and Goals speaks of three competing bases for sentencing—deterrence, reintegration, and retribution. National Advisory Commission on Criminal Justice Standards and Goals, *Corrections* at 142 (1973). Other treatments of the subject speak of additional bases. *See, e.g.* LaFave and Scott, *supra.*

Each of these interests, or bases, especially that of reintegrating a hopefully rehabilitated person back into society, is damaged by unnecessary delay in execution of the sentence imposed. It thus follows that such a delay is prejudicial to the State's interest.

We also held in *State v. Vogan* that the appellant's substantive rights would not be prejudiced by a dismissal of the appeal, as he would still have available to him the Uniform Post-Conviction Procedure Act (Ch. 29–32, N.D.C.C.).

We do not view this as a case where the failure to comply with the rules rests solely on the attorney, in which case we have, in the past, been reluctant to penalize the client. *See Tower City Grain Company v. Richman,* 232 N.W.2d 61 (N.D.1975). The letter which Paulson received from his attorney shortly after the 40-day-period had begun to run, clearly instructed Paulson that he should obtain another attorney. Although Paulson claims he could not afford another attorney, he indicates no reason why he did not apply for court-appointed counsel. His claim that he was unaware of the necessity to file a brief within that period, loses some persuasive value when it is considered that he made no effort to inform himself through a period of nine months.

In summary, we have been shown no good cause why we should not dismiss this appeal. For the reasons stated in the opinion, the appeal is dismissed.

SAND, VOGEL, PEDERSON and PAULSON, JJ., concur.