STATE of North Dakota, Plaintiff
and Appellee,

v.

Phyllis PACKINEAU, Defendant
and Appellant.

Crim. No. 656.

Supreme Court of North Dakota.

Sept. 15, 1978.

John M. Olson, State's Atty. and Robert P. Bennett, Asst. State's Atty., Bismarck, for plaintiff and appellee State of North Dakota; argued by Mr. Bennett.

Richard B. Baer, of Baer, Asbridge & Robb, Bismarck, for defendant and appellant.

**VANDEWALLE, Justice.**

The State asks that we dismiss the defendant's appeal of her manslaughter conviction because she has failed to file her brief within the time period established by Rule 31(c) of the North Dakota Rules of Appellate Procedure. In response to the State's request, the defendant asks that we deny the motion to dismiss, and, pursuant to Rule 26(b), N.D.R.App.P., that we enlarge the time in which she may file her brief. We will grant the motion to dismiss if the defendant fails to file her brief within fifteen days of the date of this opinion.

The defendant Packineau filed, on May 15, 1978, within the time specified by Rule 4(b), N.D.R.App.P., an appeal from the judgment of conviction of the crime of manslaughter entered by the Burleigh County District Court following a jury trial. The record on appeal was certified to this court on June 22, 1978, within the time prescribed by Rule 12, N.D.R.App.P. The judgment and sentence of the court entered on May 15, 1978, provided that the execution of sentence would be stayed pending disposition of the defendant's appeal of the judgment of conviction. The attorney for the defendant was notified on June 23, 1978, by the clerk of the Supreme Court that the appellant's brief would be due on August 1, 1978, pursuant to Rule 31, N.D.R.App.P. The brief was not filed by that date, and on August 14, 1978, the State of North Dakota filed a motion to dismiss the appeal for two reasons: (1) that the appeal is frivolous in that there are no questions of fact or law which necessitate an appeal to this court; and (2) that the appellant has failed to file her brief within the time limits established by this court pursuant to Rule 31(c), N.D.R.App.P. The defendant, on August 25, 1978, filed a return to the State's motion to dismiss wherein she resisted the motion and moved, pursuant to Rule 26(b), N.D.R.App.P., that this court enlarge the time in which briefs may be filed.

■ Under Rule 26(b), N.D.R.App.P., the court, for good cause shown, may upon motion enlarge the time prescribed by the rules or its order for doing any act or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal. Failure to file the appellant's brief within the time specified in Rule 31(c), N.D.R.App.P., does not require that the appeal be dismissed. Rather, the rule provides that if the appellant fails to file his brief within the time specified the appellee may move for dismissal. The determination whether to dismiss the appeal for failure to file the brief rests within the discretion of this court. See, e. g., *Nodak Mutual Ins. Co. v. Loeffler*, 225 N.W.2d 286 (N.D.1974).

■ Despite repeated warnings by this court that delays in transmitting the record or filing briefs would very likely result in dismissals [see, e. g., *Johanson v. Nash Finch Co.*, 212 N.W.2d 372 (N.D.1973)], there continues to be an inordinate number of proceedings before this court requesting the dismissal of appeals for these reasons. A summary of decisions of this court on these matters as of March, 1977, may be found in *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D.1977). Since that time, more of these decisions have been issued. See, e. g., *Halverson v. Pet, Inc.*, 260 N.W.2d 11 (N.D. 1977); *State v. Thompson*, 256 N.W.2d 706 (N.D.1977); *State v. Paulson*, 256 N.W.2d 556 (N.D.1977). There can be no doubt that the court favors a decision of an appeal on its merits [*LeFevre Sales, Inc. v. Bill Rippley Construction, Inc.*, 238 N.W.2d 673 (N.D. 1976)], but this will not always be an overriding factor. In the past, the court has sometimes granted a motion for dismissal based upon delay, and has sometimes denied it. See the summary of decisions in *Gerhardt v. Fleck, supra.* Therefore, even if the delay is an attempt to gain some advantage for a client, it is a dangerous practice if undertaken without approval of the court. The temper of the court, as reflected in its recent pronouncements in these decisions, is to dismiss where no justifiable cause for the delay is shown. With this general background and admonition we will consider the specific case before us.

The State has alleged that the defendant's appeal to this court is frivolous in that

there are no questions of fact or law that would necessitate an appeal. The State has submitted a copy of a letter from defendant's attorney to support this conclusion. However, the merits of the appeal are not now before us nor do we intend at this time to examine the record to determine whether there are questions of fact or law that would necessitate an appeal. We will limit our determination at this time to the second reason for the State's motion to dismiss, i. e., the failure of the defendant to file her brief within the time limits established by Rule 31(c), N.D.R.App.P.

We are informed that after trial of the matter in the district court, and approximately one week prior to sentencing, the defendant terminated the services of her attorney and secured Mr. Baer to represent her. Present counsel filed the notice of appeal the day the judgment of conviction and sentencing was entered. After he had examined the transcript and record, present counsel indicated in a letter to the defendant that he did not believe an appeal was warranted. Although the transcript was delivered to defendant's present counsel on June 14, 1978, his return to the motion to dismiss stated that he was absent from his office from May 26 to July 4, 1978. Moreover, the letter to the defendant indicating that counsel did not believe an appeal was warranted was dated June 20, 1978. Counsel said in this letter and in his return that if the defendant wished to have the opinion of another attorney the transcript would be available. Defendant apparently took no action to secure another attorney's opinion.

■ In his return, counsel for the defendant indicated that he is actively engaged in seeking another attorney's opinion as to the merits of an appeal in this case. Counsel could have moved this court for an extension of time to file a brief pursuant to Rule 26(b), N.D.R.App.P., prior to the time the brief was due or at least prior to the time the State moved to dismiss the appeal for failure to file a brief. Such motion was not made until after the State had filed its motion to dismiss. Although under Rule 26(b) this court has the authority to grant an extension of time after the expiration of the time in which the act was to be per-

formed, we believe it proper for counsel to move the court for an extension of time prior to the expiration of the initial time limit except in instances where failure to do so is due to substantial reasons.

■ A brief has not been filed as of the time of the hearing of this motion. Filing of the brief by the time that the motion to dismiss is heard is an important consideration. See, e. g., *State v. Paulson, supra.* Because the defendant's counsel recommended against an appeal, but apparently had some reservations about his recommendation and suggested that the opinion of another attorney be sought, and because that other attorney, if the appeal is pursued, may participate in the preparation of the brief, the failure to file a brief as of the time of the hearing on the motion to dismiss may be less significant than in *Paulson.*

This court has stated in several cases that a matter will not be dismissed for failure to comply with the appellate rules where no prejudice is shown. See, e. g., *LeFevre Sales, Inc. v. Bill Rippley Construction, Inc., supra.* The State argues that it is prejudiced by delay because finality of the judgment rendered against the defendant by the district court is prevented for an indefinite period of time. This court in *State v. Paulson, supra,* concluded that a delay resulting from the failure of a defendant to process his appeal damages the State's interest in procuring punishment for those convicted of a crime and that such a delay is prejudicial to the State's interest. In that case, a criminal matter, the defendant received a sentence of six months in the county jail. The court in *Paulson* dismissed the appeal for failure to file a brief for nine months after it became due. Here, however, according to the criminal judgment, the defendant has been sentenced to ten years in the State Penitentiary with five years of this sentence suspended, during which five years the defendant will be placed under the supervision of the North Dakota Department of Parole and Probation. Furthermore, in this instance the brief was fourteen days overdue when the motion to dismiss was filed, and twenty-five days overdue when the motion to enlarge the

time for filing the brief was made by the defendant. We think that these factors effectively distinguish this case from *Paulson*.

The State also argues that the defendant may pursue other remedies: (1) through Rule 33 of the North Dakota Rules of Criminal Procedure, permitting a motion for a new trial based upon newly discovered evidence, should that evidence be discovered within two years after final judgment, or (2) that the defendant has a remedy through the Uniform Post-Conviction Procedure Act found in Chapter 29–32 of the North Dakota Century Code. Those arguments are made upon the assumption that the appeal is frivolous and only for the purpose of delay, a matter we have previously stated we do not reach in this opinion.

It may be, as the State alleges, that the failure to file a brief is for the purpose of delaying the implementation of the sentence. It may also be that the delay would have continued indefinitely had not the State filed the motion to dismiss. We will not, however, automatically assume either possibility to be a fact in view of the change of attorneys, the position of defendant's current attorney with regard to the appeal, and the attempt to secure another attorney to examine the matter of an appeal. The letter from present counsel to defendant on June 20, 1978, appears to imply that in defendant's mind, at least, there may be grounds for review by this court. It also appears to us that there was an attempt made by defendant to pursue the appeal promptly, i. e., the notice of appeal was timely filed and the record was timely filed. The brief was not, as in *State v. Paulson, supra*, overdue by a considerable period of time when the motion to dismiss was filed. We have, however, noted that the motion to dismiss may have precipitated the action by the defendant in moving for enlargement of time in which to file the brief. Such motion could and should have been made regardless of action by the State if the defendant is serious about the merits of the appeal.

■ Because the court believes that there has been a good-faith attempt to pursue the appeal, except for timely filing of the brief, and because of the nature of the charge and the sentence, we will grant the defendant fifteen days from the date of this decision to file a brief with this court. We will hold in abeyance, for that period of time, our decision on the motion to dismiss. However, should the defendant fail to file her brief with this court and serve it upon counsel for the State within fifteen days of the issuance of this opinion, dismissal of the appeal will be granted without further application by the State. In addition, in an effort to discourage complacency in complying with the rules and to compensate the State for costs and time spent in presenting and arguing this motion, we assess costs of $300 against the appellant. See, e. g., *State v. Thompson, supra; Halverson v. Pet, Inc., supra*.

Motion to enlarge time for filing brief granted; motion to dismiss held in abeyance.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.