**Naif SABA, Plaintiff and Appellant,**

v.

**CITY OF BISMARCK, Defendant and Appellee.**

Civ. No. 9572.

Supreme Court of North Dakota.

Feb. 1, 1979.

DeLayne G. Nassif, Fargo, for plaintiff and appellant.

John A. Zuger, City Atty., Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

The appellee City of Bismarck has moved to dismiss the appeal taken on March 8, 1978, by the appellant Saba from a judgment of the district court of Burleigh County entered on January 30, 1978. The motion to dismiss the appeal is based on failure of the appellant to cause transmission of the record to this court; failure to pay a docket fee to this court; failure to prepare and file a brief; and failure to take any action following the filing of the notice of appeal and undertaking on appeal.

The City of Bismarck has also moved this court to award damages, including reasonable attorney fees, to the City for the reason that the appellant, other than filing a notice of appeal, has taken no action of any kind to perfect the appeal. The motion is accompanied by an affidavit of the Bismarck City Attorney in which he claims the City has incurred reasonable attorney fees of $250 in the review of the records in this case, a review of the rules of the court and the case law, and the preparation of the motion to dismiss the appeal and supporting papers accompanying that motion. That affidavit is uncontroverted by Saba.

We grant the motion to dismiss the appeal and the motion for costs and attorney fees.

An examination of the records of this court indicates that Saba: has not caused any transmission of the record to be made to this court as required by Rule 11, N.D.R. App.P.; has failed to pay a docket fee to this court as required by Rule 12; and has failed to prepare and file a brief as required by Rule 31. Saba has simply failed to take any action following the filing of the notice of appeal and undertaking on March 8, 1978. After the motion to dismiss the appeal was scheduled for hearing, there still was no action on the part of Saba, either to have the record transmitted to this court,[1] to extend the time for such transmission, or, for that matter, to resist the motion to dismiss.

Rule 11(a), N.D.R.App.P., specifies the time for transmission of the record on appeal. It is the duty of the appellant to take action necessary to enable the clerk of the district court to assemble and transmit the record.

Rule 12(c), N.D.R.App.P., provides that if the appellant fails to cause timely transmission of the record or to pay the docket fee, any appellee may file a motion in the Supreme Court to dismiss the appeal. The rule permits the appellant to respond within 14 days of service of the motion. No such response was made by Saba. Rule 31(c) also provides that if an appellant fails to file a brief within the specified time, an appellee may move for dismissal. The appellee City of Bismarck has complied with the provisions of these rules. Saba, the appellant, has taken no action at all following his notice of appeal.

1. After the motion was filed, the clerk of the district court, apparently on her own initiative, did forward a record to this court. That record did not contain a copy of the transcript of proceedings in the district court.

This court has the authority to dismiss an appeal for failure to transmit the record and file a brief within the time required by the Rules of Appellate Procedure. *State v. Packineau,* 270 N.W.2d 336 (N.D.1978), and cases cited therein. We have also allowed costs to the party moving to dismiss the appeal even where the motion to dismiss is denied. *State v. Packineau, supra,* and cases cited therein.

The motion of the appellee City of Bismarck to dismiss the appeal is granted and the City of Bismarck is awarded $250 in costs in preparing and presenting the motion.

ERICKSTAD, C. J., and SAND, PAULSON and PEDERSON, JJ., concur.