John RANDALL, Plaintiff and Appellee,

v.

C. D. ANDERSON, d/b/a Capital Rental & Import Repair, Defendant and Appellant.

Civ. No. 9644.

Supreme Court of North Dakota.

Dec. 26, 1979.

E. J. Rose and William J. Daner, Bismarck, for defendant and appellant; argued by E. J. Rose, Bismarck.

Thomas M. Disselhorst, Bismarck (argued), appearing for William C. Worthington, Jr., Bismarck, for plaintiff and appellee.

PAULSON, Justice.

This is an appeal from a judgment entered in favor of the plaintiff, John Randall ["Randall"], by the Burleigh County Court of Increased Jurisdiction. The case originated when Randall brought an action in small claims court seeking $1,000 damages for the negligent repair of the engine in his Volkswagen microbus. The defendant, C. D. Anderson ["Anderson"], doing business as Capital Rental & Import Repair, removed the action to the county court of increased jurisdiction pursuant to § 27–08.1–04 of the North Dakota Century Code.[1]

---

1. Section 27–08.1–04, N.D.C.C., provides:

 "*27–08.1–04. Election to proceed in small claims court irrevocable.* Election by the plaintiff to use the procedures provided for in this chapter shall be irrevocable. In the event the plaintiff elects to discontinue the proceedings, the court shall enter its order accordingly, and unless otherwise provided in the order such dismissal shall be deemed to be with prejudice. By election to proceed in small claims court, the plaintiff waives his right to appeal to any other court from the decision of the small

The Burleigh County Court of Increased Jurisdiction entered judgment in favor of Randall in the amount of $672.25, plus interest of $58.12 and costs of $79.00, for a total of $809.37. Anderson appeals from that judgment. We affirm.

In the early part of June 1977, Randall brought a used engine into Anderson's repair shop and asked Anderson to repair it and install it in Randall's Volkswagen microbus. Anderson agreed to make the repairs for $265.00. The microbus was returned to Randall in early July of 1977. At one point during the time the vehicle was being repaired, Anderson installed the wrong motor, causing a considerable delay. During that delay, Anderson provided Randall with a "loaner" car. Anderson brought a counterclaim in the Burleigh County Court of Increased Jurisdiction for damages to the loaner car, which court dismissed Anderson's counterclaim for lack of proof. That counterclaim has been abandoned for purposes of this appeal.

After the repaired microbus was returned to Randall he left on his vacation. He drove to Denver, Colorado, spent a few days there, and then proceeded to drive to Albuquerque, New Mexico. The vehicle operated very poorly during the trip and finally stopped running, or "blew up", in Albuquerque. Randall was forced to purchase a used replacement engine there and have it installed by a service station in Albuquerque at a cost of $672.25. He brought back with him to Bismarck the engine that Anderson had repaired which had proved to be defective during Randall's vacation trip.

The case was tried to the judge in the county court of increased jurisdiction. Randall was represented by counsel but Anderson chose to try the case without the assistance of counsel. The trial court found that two of the connecting rods installed at Anderson's shop were installed with the forge marks facing downward. The trial court found that the proper method of installing the connecting rods is with the forge marks facing upward and that Anderson's own shop manual indicated the caution to "make sure the forge marks on the connecting rods face upward". The trial judge concluded that Anderson's failure to properly install the connecting rods constituted negligence and that Anderson was liable for the cost of the replacement engine at $672.25, plus interest of $58.12 computed at the statutory rate of 6 percent beginning with the August 26, 1977, date of repair.

Counsel for Anderson, on appeal, raises several issues where he alleges that the trial court committed error, but he does not cite any cases in his brief.

This court will not set aside a finding of an issue of fact by a trial court unless that finding is clearly erroneous under Rule 52(a) of the North Dakota Rules of Civil Procedure. *Schneidt v. Absey Motors, Inc.*, 248 N.W.2d 792, 796 (N.D.1976); *Strandness v. Montgomery Ward*, 199 N.W.2d 690 (N.D. 1972); *Anderson v. Miller's Fairway Foods*, 225 N.W.2d 579, 582–583 (N.D.1975).

Anderson alleges that it was "clearly erroneous" for the trial court to admit the damaged engine parts into evidence. In the instant case the trial judge was the finder of fact. A proper chain of custody was established from the time the engine left Anderson's garage until the time when the damaged parts were presented to the trial court for admission into evidence. This chain of custody was established not only through the testimony of Randall but also through that of other witnesses. Randall testified that he placed the defective engine in the back of his microbus at the Texaco Station in Albuquerque, where he had bought the replacement engine, and he

claims court. The defendant waives his right to appeal from the decision of the small claims court upon receiving his order for appearance as required herein, unless he elects to remove the action from the small claims court to a court which would have jurisdiction over said matter in the absence of the small claims court by filing with the small claims court and serving upon the plaintiff a notice of such removal, and filing with the clerk of the court to which said action is removed a copy of the claim affidavit and the defendant's answer thereto along with the filing fee required for civil actions in said court, not later than forty-eight hours before the hearing set for the appearance of the defendant."

brought the defective engine back to Bismarck with him. He testified that he brought it to Mr. George Germain's storage garage. Germain testified that the defective engine remained locked in his storage garage for over a year. Germain testified that he had the only key to the locked storage garage where the damaged engine was kept. Germain and Randall both testified that the first time the damaged engine was removed from the storage garage was when, together, they transported the damaged engine to Century Motors.

One Michael Roehrich, an employee of Century Motors, testified that he examined the damaged engine which was brought in by Randall and Germain and that it contained several damaged parts, including the two connecting rods which had been installed with the forge marks facing downward. The trial judge elicited from Roehrich the fact that his testimony was based on the condition of the engine at the time it was brought in to Century Motors. Thomas Copeland, also an employee of Century Motors, testified that the engine brought in to Century Motors by Randall and Germain was kept in the custody of Century Motors until it was brought to the courthouse on the day of the trial. It was only after all of the above-mentioned witnesses had testified to the whereabouts of the damaged engine that the trial judge received the damaged engine parts into evidence. We believe that there was ample evidence in the record to support the trial judge in receiving Exhibits 2 and 3[2] into evidence, and for that reason it was not erroneous for him to do so.

■ The next question raised on appeal is whether or not the trial court committed error in finding that Anderson was negligent and in finding that Anderson's negligence was the proximate cause of the damage to Randall's Volkswagen engine. There was considerable evidence presented to show that the repair job done in Anderson's shop was performed in a negligent manner. Testimony of Randall indicated that the engine operated poorly from the time that he left Bismarck for Denver and became progressively worse until it finally stopped running in Albuquerque. The testimony of both Roehrich and Copeland indicated that the connecting rods were installed upside down and that such installation was improper and would result in engine failure. Anderson's own shop repair manual was introduced into evidence. That repair manual plainly warned, "make sure the forge marks on the connecting rods face upward". This was certainly ample evidence to support the trial court's finding that the repair work was performed negligently and that such negligent installation of the connecting rods was the cause of the engine's failure in Albuquerque.

■ It is also argued that because Anderson tried the case without the assistance of counsel, he was unable to preserve certain issues for appeal because of his inability to make salient objections. An examination of the record, however, indicates that the trial judge assisted Anderson throughout the trial and made every effort to protect and preserve Anderson's rights. An examination of the record also indicates that Anderson did an extremely competent job in his own defense and managed to delineate the legal issues extremely well.

As this court recently said, in *Lang v. Basin Elec. Power Co-op.*, 274 N.W.2d 253, 259 (N.D.1979):

" . . . we do not conclude that parties who choose to represent themselves should be allowed any more or any less consideration than parties represented by counsel."

This court, in *Dorgan v. Mercil*, 269 N.W.2d 99, 100 (N.D.1978), recently stated:

"We do not believe that any rule or statute should be modified, altered, or applied differently merely because a party not learned in the law was or is proceeding pro se in a special proceeding, action at law or equity, or in an appeal."

---

**2.** Randall's Exhibit 2 consisted of the damaged engine; and Randall's Exhibit 3 was a box of engine parts, including the two connecting rods.

If a party chooses to forego the assistance of counsel and represent himself, he cannot later raise that on an appeal as a reason or basis for reversal. See *United Hospital v. Hagen et al.*, 285 N.W.2d 586 (N.D.1979).

 Finally, it is contended on appeal that the trial court erred in assessing damages at the replacement cost of the engine. Section 32–03–37 of the North Dakota Century Code requires that damages in all cases must be reasonable. More specifically, § 32–03–09.1, N.D.C.C., provides:

"*32–03–09.1 Measure of damages for injury to property not arising from contract.*—The measure of damages for injury to property caused by the breach of an obligation not arising from contract, except when otherwise expressly provided by law, is presumed to be the reasonable cost of repairs necessary to restore the property to the condition it was in immediately before the injury was inflicted and the reasonable value of the loss of use pending restoration of the property, unless restoration of the property within a reasonable period of time is impossible or impracticable, in which case the measure of damages is presumed to be the difference between the market value of the property immediately before and immediately after the injury and the reasonable value of the loss of use pending replacement of the property. Restoration of the property shall be deemed impracticable when the reasonable cost of necessary repairs and the reasonable value of the loss of use pending restoration is greater than the amount by which the market value of the property has been diminished because of the injury and the reasonable value of the loss of use pending replacement."

In this case, the trial court assessed the damages at the reasonable cost of repairs necessary to restore the vehicle to the condition it was in prior to the injury. Before the damage, Randall had a vehicle in operable condition. The trial court found that the cost of a replacement engine was less than the estimated cost of repairing the damaged engine. Evidence in the record showed that it would have cost Randall $800 to have had the damaged engine repaired in Albuquerque and that there would have been a greater delay in waiting for the damaged engine to be repaired than in waiting for the installation of the replacement engine. In purchasing the replacement engine at the lower cost of $672.25, Randall did no more than observe his duty to minimize damages. See *Schneidt v. Absey Motors, Inc.*, 248 N.W.2d 792, 796 (N.D. 1976). As this court said in *Strandness v. Montgomery Ward*, 199 N.W.2d 690, 694 (N.D.1972):

"An award of damages will not be disturbed on appeal unless the award is so excessive or so inadequate as to be without support in the evidence."

See *Schatz v. Jerke*, 199 N.W.2d 908 (N.D. 1972). In the instant case, the damages assessed were the actual cost of the replacement engine. The trial court was simply attempting to make Randall whole and repair the injury inflicted by the negligence of Anderson.

In 8 Am.Jur.2d, Automobiles and Highway Traffic § 1041, the following relevant language is stated:

"The basic formula for measuring damages for destruction of or injury to a motor vehicle, as for measuring damages for any other tortious injury, is fair, reasonable, and adequate compensation for the injury inflicted, that is, for the loss sustained by the plaintiff as the proximate result of the wrongful or negligent act complained of . . . ."

We find nothing excessive concerning the damages assessed by the trial court and nothing in the findings of fact which is clearly erroneous; therefore, we affirm the judgment of the trial court.

ERICKSTAD, C. J., PEDERSON and SAND, JJ., and NORBERT MUGGLI, District Judge, concur.

MUGGLI, District Judge, sitting in place of VANDE WALLE, J., disqualified.