Geraldine BRODELL, Plaintiff/Appellee,

v.

Jerome BRODELL, a/k/a Jerry Brodell, Defendant/Appellant.

Civ. No. 9744.

Supreme Court of North Dakota.

May 15, 1980.

James M. Bekken, Hovey & Bekken, Ltd., New Rockford, for plaintiff/appellee.

Jerome Brodell, Warwick, pro se.

PAULSON, Justice.

Geraldine Brodell has moved this court to dismiss an appeal taken by Jerome Brodell from an October 11, 1979, judgment of the Eddy County District Court. The notice of appeal, which is the object of Geraldine's motion to dismiss, was served and filed on December 7, 1979. We grant the motion to dismiss the appeal for reasons set out in this opinion.

Geraldine commenced an action for divorce in the district court. The court granted a decree of divorce to each of the parties and the only disputed issue presented to the trial court involved a division of the marital property. The matter was tried to the district court on May 10, 1979, and a memorandum decision was issued by the Eddy County District Court on September 28, 1979, and judgment was entered thereon on October 11, 1979.

In December of 1979, defendant-appellant Jerome Brodell ["Jerome"] filed the notice of appeal, deposited the docket fee and cost bond for his appeal, and ordered transcripts to be furnished to the Supreme Court. Since December of 1979, Jerome has taken no further action in perfecting his appeal. The clerk of the North Dakota Supreme Court, by letter of January 28, 1980, informed Jerome that his brief should be filed on or before March 8, 1980. Jerome has not

filed a brief with the clerk of the Supreme Court and did not appear for the oral argument on this motion to dismiss, which argument was scheduled for 2:00 p. m. on May 6, 1980, in the Supreme Court Courtroom in the State Capitol at Bismarck. In addition to his failure to file a brief, Jerome also never filed a supersedeas bond to stay the execution of the judgment pending appeal. Jerome has also refused to make an accounting pursuant to paragraph 10 of the judgment and has not communicated with Geraldine since filing his notice of appeal in December of 1979.

From the sketchy record available to this court, it appears that Jerome intended to go forward with his appeal *pro se*. Although we respect a litigant's decision to pursue his legal rights *pro se*, we have indicated in recent decisions that we are not about to grant special exemptions to *pro se* litigants. *See Randall v. Anderson*, 286 N.W.2d 515, 518 (N.D.1979); *Lang v. Basin Elec. Power Co-op.*, 274 N.W.2d 253, 259 (N.D.1979); and *Dorgan v. Mercil*, 269 N.W.2d 99, 100 (N.D.1978).

Rule 31(c) of the North Dakota Rules of Appellate Procedure states that:
"RULE 31—FILING AND SERVICE OF BRIEFS"

.        .        .        .        .

"(c) *Consequence of failure to file briefs.* If an appellant fails to file his brief within the time provided by this rule, or within the time as extended, an appellee may move for dismissal of the appeal. If an appellee fails to file his brief, he will not be heard at oral argument except by permission of the court."

Jerome had until March 8, 1980, to file his brief and he did not do so. He also declined to take advantage of the opportunity to present his case at oral argument without filing a brief. Jerome did not transmit the record to this court, nor did he even attempt to resist Geraldine's motion to dismiss the appeal.[1]

In *State v. Packineau*, 270 N.W.2d 336, 337 (N.D.1978), we said:

1. Neither party appeared at the oral argument *on the motion to dismiss the appeal*, although each party notified the clerk of the Supreme Court that they were not going to appear in *order to present oral argument on the motion to dismiss*.

"The determination whether to dismiss the appeal for failure to file the brief rests within the discretion of this court."

*Packineau* was a criminal case in which we granted the motion to dismiss for failure to file a brief but held the dismissal in abeyance until the defendant had fifteen days in which to file a brief. We reiterate here our strong and growing disapproval of parties who neglect or refuse to comply with the North Dakota Rules of Appellate Procedure. As we said in *Packineau, supra* 270 N.W.2d at 337:

"The temper of the court . . . is to dismiss where *no* justifiable cause for the delay is shown."

The North Dakota Rules of Appellate Procedure took effect on March 1, 1973. In the early days of the Rules, we were less rigid in seeking compliance with the Rules. *See* cases summarized in *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D.1977). Now that the Rules have been in effect for over seven years, there should be few who would plead surprise. In any event, neither surprise nor justifiable cause is pleaded in the instant case. We recently affirmed a trend toward dismissal of appeals for noncompliance with the Rules in *Saba v. City of Bismarck*, 275 N.W.2d 302 (N.D.1979). Jerome indicated his awareness of the Rules by filing a notice of the appeal, having a transcript prepared, and by depositing the docket fee and the cost bonds. If he had intended to file a brief, he could have made a motion to this court for an enlargement of time in which to file a brief pursuant to Rule 26(b), N.D. R.App.P. His actions indicate that he has abandoned his appeal.

We dismiss the appeal because of Jerome's failure to comply with the North Dakota Rules of Appellate Procedure and we award Geraldine $150.00 in costs incurred in the preparation of the motion to dismiss and the accompanying brief.

ERICKSTAD, C. J., and SAND, VANDE WALLE and PEDERSON, JJ., concur.