Eunice A. WEISENBERGER, Mark Weisenberger, Marsha Weisenberger and Connie Weisenberger Herman, Plaintiffs and Appellants,

v.

Nathan SENGER and Ronald Isaak, Defendants and Appellees,

and

Vern Pederson, Defendant.

Civ. No. 10952.

Supreme Court of North Dakota.

Jan. 22, 1986.

Zuger & Bucklin, Bismarck, for plaintiffs and appellants; argued by Robert V. Bolinske.

Pearce, Anderson & Durick, Bismarck, for defendant and appellee Nathan Senger; argued by B. Timothy Durick.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendant and appellee Ronald Isaak; argued by Steven L. Latham.

LEVINE, Justice.

Gerald Weisenberger's spouse [1] and children (the Weisenbergers) brought this wrongful death action against Nathan Senger, Ronald Isaak, and Vern Pederson [2] following Gerald's death in a collision between his vehicle and one driven by Nathan. The Weisenbergers appeal from the judgment awarding them no damages. We affirm.

The accident occurred on June 21, 1982, on a rural gravel road near the Weisenberger farmstead. On the day of the accident,

---

1. Gerald's spouse, Eunice Weisenberger, died of cancer during the pendency of this action, and her estate was substituted as a party in her place.

2. During the litigation Pederson was dismissed from the case, and he is not involved in this appeal.

Nathan, age 18, and his younger brother, Lyle, went to Isaak's ranch to assist in branding cattle. It is undisputed that during the day Nathan drank beer which was provided by Isaak. The amount of beer Nathan drank was in dispute, but there was evidence that he had at least two and perhaps several more beers throughout the course of the day. About 7:00 p.m. that evening, Nathan and Lyle were returning home in their pickup truck driven by Nathan. Gerald was driving his pickup on the same gravel road in the opposite direction, when approximately 150 to 200 feet from the crest of a hill the vehicles collided. There is substantial evidence, including the testimony of the Weisenbergers' own accident investigation and reconstruction expert, that both vehicles were travelling over the center line of the road at the time of the collision. The test results of a blood sample drawn from Nathan about four hours following the accident showed no blood alcohol content.

The jury returned a verdict finding that Gerald and Nathan each were 50 percent negligent. Applying our comparative negligence law, Section 9–10–07, N.D.C.C., the trial court entered a judgment awarding no damages to the Weisenbergers.

On appeal, the Weisenbergers have raised the following issues:

(1) Whether the trial court erred in refusing to instruct the jury that the "knowing provision of alcohol to a minor known to be operating a motor vehicle" is negligence per se or, in the alternative, a presumption of negligence;

(2) Whether the Weisenbergers are entitled to a new trial because the defendants failed to reveal the identity of a potential expert witness as required under the discovery rules;

(3) Whether the trial court erred in refusing to admit "habit" testimony under Rule 406 of the North Dakota Rules of Evidence; and

(4) Whether the Weisenbergers were denied a fair trial because the jury acted with "undue haste" and failed to follow the court's instructions.

■ The Weisenbergers assert that the trial court erred in refusing to instruct the jury that knowingly providing alcoholic beverages to a minor in violation of Section 5–01–09, N.D.C.C., is negligence per se or, in the alternative, a presumption of negligence. This Court has previously held that the violation of a law constitutes evidence of negligence. *See Anderson v. Miller's Fairway Foods,* 225 N.W.2d 579 (N.D. 1975). However, the Weisenbergers urge us to extend the significance of a statutory violation to negligence per se or at least to a presumption of negligence, particularly to a case such as this, where the violation involves the providing of contraband to a minor. We conclude that this is not the proper case for making that determination because the Weisenbergers waived their right to raise this issue on appeal when they voluntarily withdrew their negligence claim against Isaak.

Although the trial court refused to give the jury a negligence-per-se or presumption-of-negligence instruction, it agreed to submit the Weisenbergers' cause of action for negligence against Isaak to the jury. Subsequently, during in-chamber discussions regarding the jury instructions, the Weisenbergers' attorneys expressly informed the court that they had chosen to abandon their negligence cause of action against Isaak in favor of solely pursuing a claim against him under Chapter 5–01, N.D.C.C. By abandoning their negligence claim against Isaak, the Weisenbergers prevented the jury from deciding the issue of Isaak's negligence. Thus, we conclude that the Weisenbergers failed to preserve their objection to the court's failure to give the requested instruction relative to that abandoned claim.

■ The Weisenbergers assert that they are entitled to a new trial because the defendants failed, during the discovery process, to reveal the identity of a potential expert witness, Royce Donner, who was contacted by the defendants but did not testify on their behalf at the trial. The

defendants contacted Donner to see if he would testify as an expert witness on accident reconstruction. They sent Donner information including interrogatories, depositions, and the investigating officer's photographs, diagrams and field reports regarding the accident. Following receipt of the information, Donner informed the defendants, by telephone, that he did not have sufficient information to reconstruct the accident and was therefore unable to give an expert opinion regarding it. The record does not reveal that Donner had any further involvement in the case. The defendants paid Donner a fee of $312.70 for reviewing the accident information, and that fee was included in the statement of costs submitted by the defendants.

The following provisions of Rule 26, N.D.R.Civ.P., are relevant to this issue:

"Rule 26(b)(1). Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, ... including ... the identity and location of persons having knowledge of any discoverable matter.

\* \* \* \* \* \*

"Rule 26(b)(4)(B). A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

There are conflicting authorities as to the extent to which the identities of experts, who are not expected to testify as witnesses, may be discovered. *See Ager v. Jane C. Stormont Hospital & Training School for Nurses,* 622 F.2d 496 (10th Cir. 1980); *Baki v. B.F. Diamond Construction Company,* 71 F.R.D. 179 (D.Md.1976); *In Re Four Seasons Securities Laws Litigation,* 63 F.R.D. 115 (D.Okla.1974); *Perry v. W.S. Darley & Company,* 54 F.R.D. 278

(D.Wis.1971). However, we need not resolve that issue in this case, because we conclude that the defendants' answers were responsive to the interrogatories submitted by the Weisenbergers. The Weisenbergers submitted the following two interrogatories in response to which they assert that the defendants should have revealed Donner's identity:

"8. Please identify all persons who are known to you or to persons acting on your behalf to have personal knowledge of any of the matters at issue in this lawsuit and set forth the subject areas of their knowledge.

"9. Please identify all persons who are known to you or to persons acting on your behalf to have an expert opinion relating to any of the matters at issue in this lawsuit. For each such expert who (sic) you intend to call as an expert witness at trial state the subject matter in which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each such opinion."

Under Interrogatory No. 8, the Weisenbergers requested the identity of all persons having "personal knowledge of any of the matters at issue." Donner did not have personal knowledge regarding the accident or matters at issue and, therefore, it was not incumbent upon the defendants to reveal his identity in response to that interrogatory. Under Interrogatory No. 9, the Weisenbergers requested the identity of all persons known to have "an expert opinion relating to any of the matters at issue." Donner had expressly revealed to the defendants that he did not possess an expert opinion on the accident, because he did not have sufficient information to form such an opinion. Consequently, Donner did not fall within the classification of persons whose identity was requested under Interrogatory No. 9. Accordingly, we conclude that the

defendants' failure to reveal Donner's identity did not constitute a failure to adequately respond to the interrogatories.

█ The Weisenbergers assert that the trial court committed reversible error when it refused to admit the testimony of Gerald's brother, David Weisenberger, which was offered under Rule 406 of the North Dakota Rules of Evidence, as evidence that Gerald had a habit of driving on the extreme right-hand side of narrow country roads and repeatedly cautioned others to do the same. David testified that he observed Gerald's driving behavior when he worked for him during a six-week period in the summer of 1974 and again during the spring of 1978. David also testified that he observed Gerald's driving behavior each time that he attended an annual fall festival and on other occasions when David rode with Gerald from Halliday to Gerald's farm. The trial court sustained the objection to the testimony on the foundational ground that the witness was not shown to have observed the decedent with sufficient frequency to be able to testify that such conduct constituted a habit.

The trial court's determination of whether to admit testimony as habit evidence under Rule 406, N.D.R.Ev., is within the discretion of the trial court and will not be set aside on appeal unless the court has abused its discretion in making that determination. *See South v. National Railroad Passenger Corporation,* 290 N.W.2d 819 (N.D.1980). Having reviewed the record, we conclude that the trial court did not abuse its discretion in refusing to admit David's testimony on the ground that David's observations were not sufficiently frequent to qualify him to provide testimony regarding Gerald's driving habit.

█ Furthermore, David's testimony would have been cumulative and its exclusion therefore was not prejudicial to the Weisenbergers. Gerald's three children were allowed to testify about Gerald's practice or habit of driving on the right-hand side of the road and of reminding others to do so.

The exclusion of admissible evidence does not constitute reversible error when the excluded evidence is merely cumulative of other properly admitted evidence. Rule 403, N.D.R.Ev. We have determined that the trial court did not abuse its discretion in refusing to admit David Weisenberger's habit testimony. We further conclude that the trial court's failure to admit that testimony was not prejudicial and did not constitute reversible error because it would have constituted merely cumulative evidence.

█ The Weisenbergers assert that they were denied a fair trial because the proceedings were conducted with undue haste. The record reveals that the trial court was cognizant of the impending Christmas holiday and concerned that the trial not be unnecessarily prolonged so as to delay the jurors' opportunity to tend to their "last minute Christmas details." Prior to the trial, the trial court was informed by the parties that they anticipated the proceedings would require three days. The proceedings did occupy three days during which time neither party requested a continuance nor expressed any objection that insufficient time was allowed for presentation of evidence, examination of witnesses, presentation of oral argument or for any other aspect of the proceedings.

The trial court is allowed great latitude in conducting a trial and, absent an abuse of discretion, the trial judge's conduct of the trial will not constitute grounds for reversal. *See Ward v. Shipp,* 340 N.W.2d 14 (N.D.1983). We conclude that the trial court's conduct of the proceedings did not constitute an abuse of discretion.

█ The Weisenbergers also assert that they were denied a fair trial because the jury, in finding no damages, failed to follow the trial court's instructions. On the special verdict form, the jury responded as follows to this question on damages:

"State the amount of damages, if any, sustained by the widow and surviving children of Gerald Weisenberger, which were directly caused by the death of Gerald Weisenberger, without reduction for the negligence, if any, of Gerald Weisenberger:

"ANSWER: $ None."

The Weisenbergers assert that damages were clearly established for the expense of funeral costs and grave monument and, therefore, the jury's finding of no damages demonstrates that it disregarded the court's instructions to find damages "without reduction" for Gerald Weisenberger's negligence.

The jury found that Nathan and Gerald's negligence each constituted 50 percent of the direct cause of the accident. Applying our comparative negligence law under Section 9–10–07, N.D.C.C., to that finding, the Weisenbergers were not entitled to any recovery of damages. Consequently, in view of the jury's negligence determination, the subsequent question regarding damages became entirely hypothetical and irrelevant to the case. Thus, we conclude that any error the jury may have made in responding to the foregoing special verdict question would be harmless error.

In accordance with this opinion, the district court judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.