## STATE v. RICHARD E. KINN.

178 N. W. (2d) 888.

July 10, 1970—No. 42388.

32

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *Daniel A. Klas,* Corporation Counsel, and *Thomas M. Mooney* and *Joseph E. Cartwright,* Assistant Corporation Counsel, for appellant.

*Douglas W. Thomson, John R. Wylde, Jr.,* and *Jack S. Nordby,* for respondent.

Heard before Knutson, C. J., and Nelson, William P. Murphy, Otis, and James F. Murphy, JJ.

WILLIAM P. MURPHY, JUSTICE.

This is an appeal from an order of the municipal court entered in response to a motion to suppress evidence. The state appeals pursuant to Minn. St. 632.11, 632.12, and 632.13. Defendant was charged with drunkenness under St. Paul Legislative Code, § 471.01, as well as driving while under the influence of intoxicating beverages in violation of Minn. St. 169.121. Since Minn. St. 632.11 does not provide the right to appeal in ordinance prosecutions, we review the record only as it bears upon the statutory charge.

The issues, broadly presented, are whether the lower court properly suppressed admissions and statements given by defendant in an interview with investigating officers while he was still at liberty and whether he waived his constitutional rights against self-incrimination after the officers had allegedly complied with the warning requirements of Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694, 10 A. L. R. (3d) 974.

From the record of the hearing on the motion to suppress, it

appears that two St. Paul policemen were called to the scene of an automobile accident at Cretin Avenue and Interstate Highway No. 94. They found the automobile entangled in the guardrail fence and a person, who later became the defendant, standing in the vicinity somewhere between 75 to 200 feet from the car. Defendant immediately approached the police officers and gave an account of what happened. According to the officers, he stated that he was driving the car too fast, missed a curve, and hit the fence. In another version, he said that an automobile had run him off the road and, as a consequence, his passenger, a pregnant girl, was injured. He stated that the men in the other car robbed him and drove the girl to a hospital. The officers noticed a partly-filled case of beer "sitting right beside the car." After observing the circumstances of the event and noting that defendant was talking incoherently and appeared to be drunk, they arrested him and placed him in the squad car, at which time he was given what the officers stated was a Miranda warning. One of the officers testified:

"I told him he had the right to remain silent, that anything he might say would be used against him, that he had the right to legal counsel in a lawyer, and also explained to him that he— if he can't afford a lawyer, that one would be appointed to him * * *."

Defendant was taken into custody and transported to the police station. The officers testified that en route to the police station defendant repeated his previous statements with the exception that he did not admit that the accident happened because of excessive speed in driving the car. Another officer testified that the Miranda warning was given at the police station prior to an examination during which defendant admitted that he understood his rights. A breath test given to defendant at the police station confirmed the fact that he was intoxicated, and moving pictures were taken of his behavior.

After hearing the evidence on the motion to suppress, the trial court ordered that—

"* * * the statements by way of admissions and confessions made by Defendant Kinn at the scene of the accident and at the police station are hereby ordered suppressed and cannot be used in the trial of the matter."

■ Preliminary to a discussion of the issues presented, it may be observed that there is some merit to defendant's contention that the appealability of the trial court's order is doubtful. Minn. St. 632.12 states that an appeal from an order of the trial court suppressing evidence must be accompanied by a signed statement that the evidence suppressed is vital to the state's case to the extent that the remaining proof available to the state is either insufficient or so weak as to effectively prevent a successful prosecution. The showing in support of this claim is of doubtful substance. Since this procedure is one that has been newly adopted, we nevertheless review the issues raised, with the admonition, however, that the future use of § 632.12 will require a stronger showing on the part of the prosecution—one which must have sufficient substance to indicate that the trial court's adverse order has effectively prevented the chance of a successful prosecution because there is a lack of evidence, other than that suppressed, which would permit a successful prosecution.

■ We cannot agree, under the complicated circumstances of defendant's arrest and interrogation, that the trial court could properly rule on the admissibility of evidence relating to admissions and confessions without findings and by the broad conclusion contained in the order heretofore quoted.

It should be noted that some of defendant's inculpatory statements were made before the investigatory process had focused upon him as an accused person. Miranda v. Arizona, *supra,* stands for the broad proposition that statements obtained from a defendant during in-custody interrogation in a police-dominated atmosphere without full warning of constitutional rights are inadmissible as violative of the Fifth Amendment privilege against self-incrimination. In dealing with the issue of whether

the police must immediately give a Miranda warning upon arriving at the scene of an investigation, the United States Supreme Court said in Miranda (384 U. S. 444, 86 S. Ct. 1612, 16 L. ed. [2d] 706, 10 A. L. R. [3d] 993) :

"* * * [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

Nevertheless, the Supreme Court cautioned (384 U. S. 477, 86 S. Ct. 1629, 16 L. ed. [2d] 725, 10 A. L. R. [3d] 1013) :

"Our decision is not intended to hamper the traditional function of police officers in investigating crime. * * * General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding. * * * In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present."

The police are not required to give a Miranda warning to every bystander or person in the vicinity of a happening which it is their duty to investigate. They may properly elicit information in the ordinary course of their investigative work. While it is not suggested that police may defer the formal arrest in order to gather further admissions, an officer should not be required to give a warning statement until he has reasonable grounds to believe both that a crime has been committed and that the defendant is the culprit. When it appears that, in the performance of his duties, the officer determines to take a person into custody, or, in other words, when the point is reached where the adversary system begins to operate, he is required to give the Miranda warning. The record provides us with no findings on this issue

as is comprehended by State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3.

■ As we understand the trial court's order, the statements given by defendant preliminary to his arrest, as well as statements or admissions given by him after he arrived at the police station in custody of the officers, are suppressed. As we further understand the order, the statements given by defendant to officers after the Miranda warning was given and while defendant was in custody en route to the police station in a patrol car are admissible. From the unsatisfactory record before us, it would not appear that the trial court was correct in suppressing evidence of statements made by defendant at the scene of the accident prior to his arrest. It would also appear that, if the court was correct in suppressing in-custody statements and admissions made at the police station, the same rule should apply to suppression of statements and admissions made while in custody of officers en route to the police station from the scene of the alleged offense. We accordingly remand the proceedings to the lower court for further findings and such additional evidence as the parties may wish to submit.

The lower court's attention is called to the fact that the evidence indicates that defendant was obviously intoxicated during all of the time that the investigation and arrest took place. In view of this circumstance, the court should consider the evidence as it bears upon the question of whether defendant was mentally competent to waive his constitutional rights at any point. See, Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. ed. 1461; United States v. Hayes (4 Cir.) 385 F. (2d) 375; Narro v. United States (5 Cir.) 370 F. (2d) 329; People v. Rodriguez, 256 Cal. App. (2d) 663, 64 Cal. Rptr. 253; State v. Perez, 182 Neb. 680, 157 N. W. (2d) 162; People v. Schompert, 19 N. Y. (2d) 300, 279 N. Y. S. (2d) 515, 226 N. E. (2d) 305.

Remanded for further proceedings.

MR. JUSTICE KELLY, not having been a member of this court the time of the argument and submission, took no part in the consideration or decision of this case.