Floyd JOSTAD, Plaintiff and Appellee,

v.

Linda JOSTAD, Defendant and Appellant.

Civ. No. 9639.

Supreme Court of North Dakota.

Oct. 25, 1979.

James R. Brothers, Fargo, for plaintiff and appellee.

George E. Duis, Fargo, for defendant and appellant, on brief only.

PEDERSON, Justice.

This is an appeal from an order denying relief from a judgment in a divorce case. A motion for relief from a judgment is authorized by Rule 60, NDRCivP. We affirm the order. Before we discuss the merits of the appeal, we will consider a motion by Floyd, the appellee, that we should dismiss the appeal because Linda, the appellant, has failed to perform certain acts required by the rules.

## On Motion to Dismiss

From the actions taken and the arguments made by both sides, it is apparent that all lawyers do not appreciate the significance of rules or have not been alerted to the amendments which became effective January 1, 1979.

On May 3, 1979, Linda filed a notice of appeal with the clerk of the trial court. Rule 4(a), NDRAppP. The docket fee was not deposited with the clerk of the trial court at the time of filing the notice of appeal, as required by the present Rule 12(a), NDRAppP. The former Rule 12(a) required payment of the docket fee to the clerk of the supreme court "[w]ithin the time allowed or fixed for transmission of the record . . . ." Linda paid the docket fee to the clerk of the supreme court on July 9, 1979, beyond the time limitation of the former or the present rule.

On May 31, 1979, the 28th day after the notice of appeal was filed with the clerk of the trial court, the record on appeal was filed with the supreme court. This complies with the requirement of Rule 11(a), NDRAppP.

On July 19, 1979, Floyd filed a motion to dismiss the appeal, charging that Linda failed to timely pay the docket fee and failed to timely cause transmission of the record on appeal. He cited Rules 11(a) and (d) and 12(a) as support for this motion, and Rule 12(c) for sanctions the court could apply, all of which have been amended or abolished. Motions to dismiss appeals for failure to pay the docket fee are now made pursuant to Rule 12(b), and motions to dismiss appeals for failure to cause timely transmission of the record are now made pursuant to Rule 11(h). Rule 13, NDRAppP, provides sanctions for failure to perform an act required by the rules.

We find that Linda did timely cause transmission of the record but failed to deposit the docket fee with the clerk of the trial court at the time of filing the notice of appeal, as required by the rule. However, before Floyd made the motion to dismiss the appeal, Linda had paid the docket fee to the clerk of this court.

Rule 13, NDRAppP, is a new rule and provides:

"The supreme court may take any appropriate action against any person failing to perform an act required by the rules or required by court order."

The Joint Procedure Committee comment to Rule 13 states:

"The appellate process includes not only parties and their attorneys, but also court reporters, trial court clerks, trial court judges, and others. Although Rule 13 will be used sparingly, it is necessary in order to protect the appellate process from abuse."

The only time that we have been asked to apply Rule 13 since its adoption was in the case of *State v. Gustafson*, 278 N.W.2d 358 (N.D.1979), where we were asked in effect to set aside a conviction because of the failure of the state's attorney to serve and file an appellee's brief within the thirty days allowed by Rule 31, NDRAppP. We said that we did not consider that to be an appropriate sanction.

Recently, on a motion for dismissal for failure of an appellant to comply with the rules, *Saba v. City of Bismarck*, 275 N.W.2d 302 (N.D.1979), where Saba failed to cause transmission of the record, failed to pay a docket fee, failed to prepare and file a brief, and even failed to resist the motion to dismiss, we granted the dismissal and awarded motion costs to the City of Bismarck.

■ Many times we have reiterated our preference to reach the merits of cases. See *State v. Packineau*, 270 N.W.2d 336 (N.D.1978), and *Willow City Farmers Elevator v. Thompson*, 261 N.W.2d 381 (N.D. 1977), and cases cited therein. The factors which enter into our evaluation are expressed in those cases. We add the factor from the Procedure Committee comment to Rule 13 that we apply sanctions sparingly, when it is necessary to protect the appellate process from abuse.

In the instant case, both attorneys appear to be equally lax in reading and applying the rules. In addition to those matters previously mentioned herein, counsel for Linda points out that Floyd's counsel, in preparing the motion to dismiss, failed to comply with the requirements of Rule 32, NDRAppP, which requires that all documents be "eight and one-half by eleven inches." Counsel does not acknowledge that Rule 32 also says "the cover of the brief of the appellant must be blue" (his is white), and that the appendix must be bound separately (his is bound with Linda's brief on the merits).

■ We think that a stern warning that we intend that all appellate rules be complied with is all that is necessary at this time to protect the appellate process from abuse. As we have said, however, we do not intend that our admonitions be treated as "empty noise." The rules must be treated respectfully. *McCullough v. Swanson*, 245 N.W.2d 262, 265 (N.D.1976). We decline to dismiss this appeal and we conclude that, under the circumstances, motion costs are not justified.

### On Merits of the Appeal

The judgment entered December 14, 1978, granting the divorce, awarding custody of the children, and dividing the property of the marriage was entered pursuant to a written stipulation signed by Linda and Floyd and Floyd's lawyer. Linda was not represented by a lawyer at that time.

■ On March 5, 1979, after having accepted the property awarded to her in the judgment, Linda moved that the trial court set aside or modify the judgment. Modifications are authorized only where it is shown that conditions have changed. Section 14–05–24, NDCC.

■ Although neither Linda's motion nor the order denying the motion so state, we presume that the motion for relief from the judgment was made pursuant to Rule 60(b), NDRCivP.

A court may relieve a party from a final judgment under Rule 60(b) for the following reasons:

"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Without citing a single decision to support her contentions and without any reference to any of the reasons itemized in Rule 60(b), Linda argues that Rule 60(b) "provided for relief from an unfair Judgment caused by the Plaintiff's threats and false statements to the Appellant; and the Court having been made aware of these facts should have opened the case for trial on its merits and heard the evidence and facts and then entered a new Judgment and Decree consistent with the facts and the evidence." Counsel waived oral argument so we had no opportunity to ask him to clarify that statement.

Floyd's counsel speculates that Linda's motion is either based upon Rule 60(b)(3) or 60(b)(6). He correctly points out that, in any event, all Rule 60(b) motions are addressed to the sound discretion of the trial court. See *Bettger v. Bettger*, 280 N.W.2d 915 (N.D.1979). No abuse of discretion has been shown in this case.

Where the judgment was entered pursuant to a contractual stipulation, as distinguished from a procedural stipulation, the party challenging the judgment has another burden—there must be a showing that, under the law of contracts (Title 9, NDCC), there is justification for setting the contract aside. See, e. g., *Galloway v. Galloway*, 281 N.W.2d 804 (N.D.1979), and *Lawrence v. Lawrence*, 217 N.W.2d 792 (N.D.1974). No adequate showing was made in this case.

The order denying Linda's motion is affirmed. Floyd is entitled to recover the usual costs on appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.