STATE of North Dakota, Plaintiff
and Appellee,

v.

Timothy MORRISSEY, Defendant
and Appellant.

Cr. No. 712.

Supreme Court of North Dakota.

May 15, 1980.

See also, N.D., 295 N.W.2d 307.

William G. Goetz, State's Atty., Hettinger, for plaintiff and appellee.

Greenwood, Greenwood & Greenwood, Dickinson, for defendant and appellant; argued by Mark L. Greenwood.

SAND, Justice.

Timothy Morrissey moved this Court to impose sanctions upon the State of North Dakota for the State's failure to file its appellate brief within the time specified in Rule 31, North Dakota Rules of Appellate Procedure.

On 20 Nov 1979 Timothy Morrissey was charged with murder in violation of § 12.1–16–01, North Dakota Century Code. A preliminary hearing was held in Adams County court on 11 Dec 1979, and Morrissey was bound over to the Adams County district court for trial. Morrissey then made an application to the district court for a writ of certiorari pursuant to Ch. 32–33, NDCC, asserting that the county court exceeded its jurisdiction in binding him over to the district court because there was insufficient evidence to establish probable cause that an offense had been committed and that it had been committed by Morrissey.

A court order was issued on 14 Dec 1979 commanding the county court to turn over to the district court the complete record of all proceedings concerning the charges against Morrissey so that the legality of the preliminary hearing could be determined. On 4 Jan 1980 a hearing on the writ was held before the Adams County district court. The district court determined that there was sufficient evidence produced at Morrissey's preliminary hearing to establish probable cause that a crime had been committed and that Morrissey had committed it. An order denying the writ of certiorari was entered by the district court and Morrissey appealed that ruling to this court.

Morrissey filed his appellate brief with the clerk of the North Dakota Supreme Court on 17 Mar 1980. The record does not reflect when Morrissey's brief was served upon the State, but counsel for Morrissey stated that it was served upon the State on 14 Mar 1980. Pursuant to Rule 31(a), NDRAppP, the State of North Dakota had 30 days after service of the appellant's brief within which to serve and file its brief with the clerk of the North Dakota Supreme Court. The State's brief was therefore due, even giving the State the benefit of the 17 Mar 1980 filing date, on 16 Apr 1980.

The State's brief had not yet been filed on 23 Apr 1980 and Morrissey moved this court, pursuant to Rule 13, NDRAppP, to impose sanctions upon the State for failing to file its brief within the time required by Rule 31(a). The sanctions sought by Morrissey were, in the alternative, reversal of the district court's judgment, rejection of any brief thereafter filed by the State, disallowance of oral argument by the State, or imposition of the costs of the motion upon the State.

Finally, on 1 May 1980 the State filed with the clerk of the North Dakota Supreme Court both its brief on the merits of Morrissey's appeal and its brief in resistance to Morrissey's motion for Rule 13 sanctions. The State's brief on the merits was at that time more than two weeks late. The State attempted to explain this tardiness as caused by "significant time problems." The State also, pursuant to Rule 31(c), NDRAppP, requested permission to be heard at oral argument on the merits of Morrissey's appeal.

The instant opinion is concerned only with Morrissey's motion for relief under Rule 13, and does not consider either the merits of Morrissey's initial appeal or the appealability of the district court's order which denied Morrissey's writ of certiorari.

■ Rule 13, NDRAppP, provides as follows:

"The supreme court may take any appropriate action against any person failing to perform an act required by the rules or required by court order."

The Joint Procedure Committee comment to Rule 13 states:

"The appellate process includes not only parties and their attorneys, but also court reporters, trial court clerks, trial court judges, and others. *Although Rule 13 will be used sparingly, it is necessary in order to protect the appellate process from abuse.* [Emphasis added.]

Thus, Rule 13 grants this court the authority to take appropriate actions upon the irresponsible and abusive practice of filing a late brief. See, *State v. Lueder*, 267 N.W.2d 555 (N.D.1978).

We have stated many times that an appellant's failure to comply with the Rules of Appellate Procedure could result in dismissal of the appeal. *State v. Packineau*, 270 N.W.2d 336 (N.D.1978); *State v. Paulson*, 256 N.W.2d 556 (N.D.1977); *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D.1977); *Nodak Mutual Insurance Co. v. Loeffler*, 225 N.W.2d 286 (N.D.1974). In the instant case, Morrissey requested that we reverse the judgment of the district court because of the State's failure to comply with Rule 31, NDRAppP. We think this request is functionally equivalent to an appellee's motion to dismiss and, therefore, the same reasoning is applicable. The question before us, then, is whether or not the State's violation of Rule 31 merits such a severe sanction as a reversal of the district court's ruling.

Determination of appeals on the merits is favored by this court, especially where delay has not resulted in inconvenience, detriment or prejudice to the moving party, and where the complete record and all briefs are before the court and the merits are ready to be heard. *State v. Gustafson,* 278 N.W.2d 358 (N.D.1979); *State v. Packineau, supra*; *Gerhardt v. Fleck, supra*; *Hogan v. Knoop,* 191 N.W.2d 263 (N.D.1971).

In the case before us the record does not disclose nor did Morrissey allege or show that he was at all inconvenienced or prejudiced by the State's failure to timely file its brief. As we stated above, the State's brief on the merits of Morrissey's appeal has now been filed with the clerk of the North Dakota Supreme Court and oral arguments on the merits can now be scheduled on next month's court calendar. We do not think that under these circumstances reversal of the district court's ruling is warranted. The crime with which Morrissey has been charged is a very serious offense and the best interests of the people of the State of North Dakota would unjustifiably be sacrificed if the order binding Morrissey over for trial were reversed because of the State's Attorney's failure to file the appellate brief within the specified time.

We therefore deny Morrissey's request for reversal of the district court's order binding him over for trial and grant the State's request to appear at oral argument on the merits of Morrissey's appeal. The State's brief will also be accepted by this court and will be considered when we review the merits of this case.

In *Jostad v. Jostad,* 285 N.W.2d 583 (N.D. 1979), we said that a stern warning that we intended all appellate rules to be complied with was all that was necessary at that time to protect the appellate process from abuse. We also reiterated in *Jostad* that we did not intend our admonitions to be treated as a "*brutum fulmen,*" an "empty noise." Obviously, our warnings have not been heeded. We therefore find it necessary to impose the costs of this motion upon the State.

It was brought out at oral argument that Morrissey is represented in this case by counsel appointed and paid by Adams County. Thus, Morrissey did not personally incur any financial loss as the result of this motion. Nevertheless, because the motion was instituted as the result of the personal failure of the State's Attorney to perform according to the rules of appellate procedure, we do not think it is equitable for the citizens of Adams County to bear the additional costs. The costs of this motion are therefore assessed against the State, but, under the circumstances of this case, are to be personally paid by the State's Attorney in his individual capacity. Costs for the motion in this case are allowed in the sum of $100.00.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.