In the Matter of the ESTATES of Guy KJORVESTAD, Sr., and Selma Kjorvestad, Deceased.

Eileen CONWAY, Personal Representative, Appellant,

v.

Lorraine PARKER, Personal Representative, Appellee.

Civ. No. 9243–B.

Supreme Court of North Dakota.

April 3, 1981.

---

Rapoport, Singer, Wylde & Nordby, Minneapolis, Minn., for appellant; argued by Jack S. Nordby, Minneapolis, Minn.

Pearson & Christensen, Grand Forks, for appellee; argued by Garry A. Pearson, Grand Forks.

SAND, Justice.

The appellee, Lorraine Parker [Parker], moved this Court to dismiss the appellant's appeal from a final judgment entered on 19 June 1980 [1] on the grounds that the appellant, Eileen Conway [Conway], failed to cause a timely transmission of the record and to pay the docket fee.

Conway and Parker were corepresentatives of the Kjorvestad estates. Initially, Conway petitioned the county probate court to remove Parker as corepresentative. Parker answered the petition and cross-petitioned the court to remove Conway and agreed to voluntarily resign if Conway were removed. The Nelson County probate court, after hearing the petitions, issued its judgment removing both Conway and Parker as corepresentatives and appointed First Trust Company of Fargo as the successor personal representative of the es-

tates. Conway appealed to the district court, which heard the case and issued its order and judgment affirming the decision of the probate court.

On 20 Aug. 1980 Conway filed a timely notice of appeal with the clerk of court of the district court of Nelson County. A motion to dismiss was filed with this Court on 29 Jan. 1981 on the grounds that Conway failed to cause a timely transmission of the record and to pay the docket fee. Response to the motion to dismiss and a motion for extension of time were filed in this Court on 19 Feb. 1981. The motion to extend the time to file briefs was renewed during oral argument.

The North Dakota Rules of Appellate Procedure provide that an appeal may be dismissed if the appellant fails to cause a timely transmission of the record or fails to pay the docket fee. Rule 11(h) and 12(b), NDRAppP.

North Dakota Rules of Appellate Procedure 3(a) provides as follows:

"(a) Filing the Notice of Appeal. An appeal permitted by law as of right from a trial court to the supreme court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."

In this instance failure to take any steps other than the filing of the notice of appeal is grounds for such action as this Court deems appropriate, which may, in this Court's discretion, include dismissal. *McCullough v. Swanson*, 245 N.W.2d 262 (N.D.1976).

In *Gerhardt v. Fleck*, 251 N.W.2d 764 (N.D.1977), we gave a brief summary of cases in which motions to dismiss were granted for failure to comply with the rules and appropriate procedures, and also cases in which motions to dismiss were denied.

1. An amended judgment was dated 14 July 1980.

■ These cases, and other cases, reflect that the answers to the following questions should be given appreciable consideration in determining whether or not this Court, in its discretion, should dismiss an appeal:

(1) Has the party making the motion to dismiss been prejudiced by appellant's failure to comply with the rules?

(2) Has the appellant demonstrated justifiable cause for its failure to comply with the rules?

(3) Has the appellant cured the defect prior to oral argument and has the record and all the briefs been filed with the court so that the merits can be evaluated?

(4) Is the underlying appeal meritorious? See, e. g., *Dossenko v. Dossenko,* 294 N.W.2d 909 (N.D.1980); *State v. Morrissey,* 295 N.W.2d 305 (N.D.1980); *Saba v. City of Bismarck,* 275 N.W.2d 302 (N.D.1979); *State v. Packineau,* 270 N.W.2d 336 (N.D. 1978).

Although we have many times expressed a view to hear the merits of an appeal, that consideration will not always be the overriding factor. *State v. Packineau, supra.* However, we still take into account the merits of the appeal in this case.

■ In this instance, Conway filed the notice of appeal pro se on 20 Aug. 1980 and contacted Jack Nordby, counsel for this motion, sometime in late 1980. During this interim period when the docket fee should have been paid and the record transmitted, Conway was acting pro se. We have previously stated that the rules or statutes should not be modified or applied differently merely because a party not learned in the law is acting pro se. *State v. Faul,* 300 N.W.2d 827 (N.D.1980); *Latendresse v. Latendresse,* 294 N.W.2d 742 (N.D.1980); *Lang v. Basin Electric Power Co-op,* 274 N.W.2d 253 (N.D.1978); *Dorgan v. Mercil,* 269 N.W.2d 99 (N.D.1978). In this instance

the record reflects that Conway was not a novice in litigation, including appeals and attorney's fees, and therefore we cannot conclude that merely because Conway was acting pro se at the time, she has shown justifiable cause on her part for not complying with the rules of appellate procedure. Nor has any other justifiable cause been established for Conway's failure during this time period to comply with the rules.

We also note that between the time Conway contacted counsel and the time set for oral arguments on the motion, 3 Mar. 1981, no briefs on the merits of this appeal had been filed, and, in fact, Conway made motions during oral argument to extend the time to file an appellate brief (20-day extension) and an affidavit on the merits (7-day extension). Conway's motions are qualifiedly granted so that the documents may be used by the Court for the limited purpose of evaluating the merits of the appeal and determining if the motion to dismiss should be denied or granted. These papers have subsequently been filed and we have examined them.

The ultimate issue on the merits of this appeal is whether or not the removal of Conway and Parker as corepresentatives is in the best interests of the estate. Section 30.1–17–11(2), NDCC. Even though the district court to some degree procedurally[2] treated the motion for summary judgment as if it were a bench trial, we, nevertheless, on the merits, find it difficult to disagree with the court's ultimate decision.

From our review of the district court record we are left with the conviction that the procedural or technical defects, to a great degree, were prompted by Conway's reluctance to proceed on the merits of the trial after having had a previous continuance and her presentation and representation on the basic issue whether or not she should be removed involuntarily.[3]

---

2. The rationale employed on appeal becomes fraught with anomalies whenever the appellant urges a reversal because of an alleged procedural error in or by the trial court, but urges that any errors committed by the appellant in seeking the appeal be overlooked.

3. An excerpt from the trial court's memorandum opinion provides as follows:

"The hearing on this latest appeal was commenced on April 18, 1980. The trial had originally been noticed on this appeal for the 11th day of July, 1979 to allow the entry of

In cases such as the instant one, we must recognize that courts, including Nelson County probate and district court, do not operate in a vacuum. The probate court of Nelson County as well as the district court could take and took judicial notice of the numerous times the court was called upon to resolve issues resulting from the contentious attitude, if not quarrelsome behavior, existing between the corepresentatives, Conway and Parker.[4] In addition, the courts also had personal contact with Conway acting and appearing pro se, and had opportunities to fully examine the causes, effects and results of the litigation. Furthermore, the courts may and should take judicial notice of the opinions issued on the cases that were appealed to this court. We also take judicial notice that the same parties have twice been before this court on related questions concerning these estates. *Matter of Estates of Kjorvestad*, 287 N.W.2d 465 (N.D.1980); *Conway v. Parker*, 250 N.W.2d 266 (N.D.1977). In fact, these parties have been disputing the settlement of these estates since the death of Guy Kjorvestad. In *Conway, supra*, we observed:

"While it is regrettable that the corepresentatives here have not achieved the level of cooperation envisioned by the Uniform Probate Code, the tactics used should not be permitted to interfere with efficient probate. Conceivably, one corepresentative could withhold consent or refuse to act on all discretionary matters and could thereby successfully checkmate and completely neutralize the powers of the other except for those duties made mandatory in probate proceedings, resulting in a detriment, if not ruin, to both. We do not think such a Mexican standoff is advisable or legally justified and the law should discourage them and not lend

an Order of the County Court affirming its denial of a motion to modify its June 15 Order and to give Conway an opportunity to file an amended notice of appeal to include such County Court Order. Despite the fact that the notice of trial for April 18 indicated that it was a trial of the appeal most of that day's proceedings were spent considering Conway's numerous arguments why the matter should not be heard as a trial of the appeal on that date and why a further continuance of continuances should be granted. Upon the commencement of the trial the respondent made a motion for judgment on the pleadings in connection with her waiver of objections to the admissibility on the trial of the appeal of 57 exhibits offered on April 18, at pre-trial proceedings for consideration as petitioner's exhibits in the trial of the appeal. A perusal of the petitioner's exhibits show that they deal principally with assertions by the petitioner of mismanagement or other wrongful acts of the Respondent Parker as a personal representative of these estates. The admissibility of these exhibits in the Court trial of the appeal was accepted with a reservation as to their relevance to any issues of the appeal. That reservation was in view of the representations of Parker that she would acquiesce in her removal upon condition that the Court also found cause to grant her cross petition for removal of Conway. After the completion of the pre-trial proceedings Conway made further objection to the commencement of the trial on that date. The objection of Conway to the commencement of the trial of the appeal on April 18 were overruled. At that point the respondent's motion for judgment on the pleadings was made. Argument was received from both sides on the issue of the motion for judgment on the pleadings and the representation of the Respondent Parker that she would acquiesce in her own removal if Conway was also removed was repeated at the time."

4. Nelson County Probate Court:

Case No. 3168—*Estate of Guy Kjorvestad, Deceased*, filed March 15, 1973;

Case No. 3263—*Estate of Selma Kjorvestad, aka Selma Lee Kjorvestad, Deceased*, filed May 28, 1974.

District Court of Nelson County:

Civil Case No. 4838—*Eileen Conway v. Lorraine Parker*. Appeal of County Court Orders dated September 19, 1975 and October 14, 1975. Judgment appealed to North Dakota Supreme Court. See *Conway v. Parker, supra*.

Civil Case No. 4898—*Lorraine Parker, Appellant, v. Eileen Conway*, Appeal of County Court Order dated November 23, 1976. Appeal withdrawn on settlement agreement case remanded to County Court.

Civil Case No. 4966—*Conway v. Parker, et al.*, Appeal of County Court Order dated July 13, 1978. Judgment dated April 17, 1979 appealed to North Dakota Supreme Court and decided in *Matter of Estates of Kjorvestad, supra*.

Civil Case No. 500—*Conway v. Parker*, Appeal from County Court dated May 15, 1979 and July 12, 1979 removing co-personal representatives Eileen Conway and Lorriane Parker.

dignity or support to them if one of the corepresentatives has applied to the courts for relief." 250 N.W.2d at 277. We are compelled to agree with the probate court and district court that it is in the best interests of the estate to have both parties removed as corepresentatives and have a third party serve as personal representative for the disposition of the remainder of the estate.

■ From the record, briefs and affidavits filed with this Court we conclude that (1) Parker and the estates have been prejudiced by Conway's failure to comply with the appellate rules; (2) Conway has not demonstrated justifiable cause for failing to comply with the rules; (3) Conway, at oral argument, had not cured the defects regarding the appeal, including the filing of briefs, etc., so the Court could determine if the appeal was meritorious (briefs and affidavits were filed later); and (4) the appeal is substantially without merit.

Furthermore, if we were to allow this extended litigation to continue it would only result in prejudice to the estates of Guy and Selma Kjorvestad. Guy died in 1973 and Selma died in 1974, and since that time their estates have not been completely settled. Allowing this appeal to continue any further would only serve to extend the time in which the estates are finally settled and would dissipate the funds of the estates to the detriment and prejudice of the estates. We do not believe any further delay on this matter will be of any benefit to the final settlement of the estates, and we note, with approval, the following quotation from *Matter of Estates of Kjorvestad, supra,* at 467, footnote 2:

"In *City of Wahpeton, supra* 228 N.W.2d at 330–331, this court adopted the following:

" 'The Fifth Circuit, in *Bros Incorporated v. W. E. Grace Manufacturing Co., supra,* 320 F.2d 594, at 597–598, quotes Justice Story, in *Ocean Ins. Co. v. Fields,* 18 Fed.Cas. pp. 532, 539 (C.C. D.Mass.1841): " 'It is for the public interest and policy to make an end to litigation * * * ' so that ' * * * suits may not be immortal, while men are

mortal.' " As Judge Heen wrote in his memorandum opinion of October 22, 1974, ". . . there should be at some point an end to litigation, . . ." Let this be it.' "

Under the circumstances of the instant case that have existed and still exist and after considering the best interests of the estate, we conclude that this appeal should be and it is hereby dismissed.

ERICKSTAD, C. J., and SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.