Shirley KASTROW (Baumgartner),
Plaintiff and Appellee,

v.

Elmer KASTROW, Defendant
and Appellant.

Civ. No. 10031.

Supreme Court of North Dakota.

Oct. 5, 1981.

Fay & Griffeth, West Fargo, for defendant and appellant; no appearance.

Bair, Brown & Kautzmann, Mandan, for plaintiff and appellee; argued by Dwight C. H. Kautzmann, Mandan.

PAULSON, Justice.

The appellee, Shirley Kastrow Baumgartner ["Shirley"], has moved to dismiss the appeal taken on June 8, 1981, by the appellant, Elmer Kastrow ["Elmer"], from the amended judgment of the District Court of Burleigh County entered on April 9, 1981. We grant the motion to dismiss the appeal and award costs to the appellee.

In September of 1973, Shirley was granted a divorce from Elmer by the District Court of Burleigh County. As part of the judgment, the home of the parties was to remain in joint tenancy. On January 19, 1981, Shirley made a motion requesting that the district court divest Elmer of his share in the property and grant full title to her. A hearing on the motion was held on March 6, 1981, and the district court, on April 9, 1981, amended its original judgment, ordering Elmer to execute and deliver a warranty deed to Shirley upon receipt of $1,000 from her.

On June 8, 1981, Elmer filed a notice of appeal to this court. On July 13, 1981, Shirley moved this court to dismiss the appeal based on Elmer's failure to make timely transmission of the record, failure to file a surety bond with the notice of appeal, and failure to file proof of service of the request for an official transcript.

Elmer has violated numerous procedural rules in perfecting his appeal. Rule 11(a) of the North Dakota Rules of Appellate Procedure requires transmission of the record not less than 25 nor more than 30 days after filing the notice of appeal. The Procedure Committee Notes to the Rule make it clear that the appellant's counsel has the primary responsibility for assuring timely transmission of the record, and Rule 11(h), N.D.R. App.P., allows the appellee to move for

dismissal if the appellant fails to cause timely transmission. In the instant case, the record was filed with this court on July 30, which was 52 days after the notice of appeal—22 days late.

In addition, Elmer failed to file with the district court a surety bond under Rule 7, N.D.R.App.P.; the required docket fee under Rule 12(a), N.D.R.App.P.; and proof of a request for an official transcript under Rule 10(b), N.D.R.App.P. All of these are required to be filed with the notice of appeal in the office of the clerk of the district court. Elmer belatedly filed his surety bond on July 23, 45 days late, and ordered a transcript of the proceedings in late July, although he apparently never filed proof of service of the request with the clerk of the district court as required by Rule 10(b). Elmer did not submit the docket fee required by Rule 12(a) on or before the date of the hearing on the motion to dismiss.

Rule 10(c), N.D.R.App.P., requires that the transcript be filed with this court within 50 days of the filing of the notice of appeal. The transcript in this case was filed on August 3, 6 days late.

It is obvious from the record that Elmer's counsel did nothing to expedite processing of this appeal until Shirley's motion to dismiss was filed. After this motion was filed, Elmer's counsel arranged for transmission of the record and transcript. Elmer's counsel did not file a brief in response to the motion or appear at oral argument. He did, however, submit a letter received by the court on August 31, 1981, the day before the scheduled oral argument on the motion, in which he indicated that the matter had been settled by counsel of the parties, that a stipulation for dismissal was being prepared, and requesting that all hearings pertaining to the appeal be canceled. At oral argument, Shirley's counsel indicated that in fact no settlement had at that time been effected and that many previous attempts to settle had been refused by Elmer.

The North Dakota Rules of Appellate Procedure provide that failure of the appellant to comply with the Rules may be grounds for dismissal of the appeal. Rules 3(a) and 13, N.D.R.App.P. The determination whether to dismiss an appeal for failure to comply with the Rules of Appellate Procedure rests wholly within the discretion of this court. *State v. Packineau*, 270 N.W.2d 336, 337 (N.D.1978). However, this court has repeatedly issued stern warnings that all appellate rules must be complied with. *State v. Morrissey*, 295 N.W.2d 305, 307 (N.D.1980); *Jostad v. Jostad*, 285 N.W.2d 583, 585 (N.D.1979).

In *Matter of Estates of Kjorvestad*, 304 N.W.2d 83, 85 (N.D.1981), Justice Sand compiled the following list of questions which this court will consider when determining whether to dismiss an appeal:

1. Has the party making the motion to dismiss been prejudiced by appellant's failure to comply with the rules?

2. Has the appellant demonstrated justifiable cause for its failure to comply with the rules?

3. Has the appellant cured the defect prior to oral argument and have the record and all the briefs been filed with the court so that the merits can be evaluated?

4. Is the underlying appeal meritorious?

In the instant case, Shirley contends that she has been prejudiced by the frequent delays in that she is unable to transfer or mortgage the property at issue. Furthermore, Elmer has not attempted to explain his inability to comply with the procedural rules of this court. Finally, Elmer has failed to provide sufficient information for us to determine whether the underlying appeal is meritorious. Although the record and transcript had been forwarded to the court prior to oral argument, Elmer's brief on the merits has not been filed and his counsel did not appear at oral argument on the motion. We have previously stated that failure to file a brief on the merits prior to the time that the motion to dismiss is heard will be an important consideration. *State v. Packineau, supra* 270 N.W.2d at 338.

The motion of the appellee, Shirley Kastrow Baumgartner, to dismiss the appeal is granted and costs of $100 are assessed against the appellant, Elmer Kastrow.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.