**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Donald Clifton FREED, Defendant and Appellee.**

**Cr. No. 944.**

Supreme Court of North Dakota.

Nov. 15, 1983.

---

tionale has some application to the present case.

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section 27–17–03, N.D.C.C.

Melody R.J. Jensen, Asst. State's Atty., Fargo, for plaintiff and appellant.

Jonathan T. Garaas, Fargo, for defendant and appellee.

PEDERSON, Justice.

The State appeals from an order suppressing results of chemical tests performed on a blood sample taken from Donald Clifton Freed following an automobile accident. Freed moved to dismiss the appeal on the ground that the prosecuting attorney failed to file a statement with the notice of appeal pursuant to the requirements of § 29–28–07(5), NDCC. The State, in turn, requested leave to file the required statement late. We deny the State's request and, accordingly, dismiss the appeal.

Shortly before midnight on November 27, 1982, Deputy Sheriff Brandon received a report of an automobile accident. When Brandon arrived at the accident scene, Freed was being removed from a vehicle in the ditch. Brandon did not speak with Freed before the ambulance took him to the hospital. During his on-site investigation Brandon detected an odor of alcohol but found no alcoholic beverage containers in the vehicle.

Brandon then went to the hospital emergency room where he talked with Freed. According to Brandon's testimony he informed Freed that he was or would be

arrested for driving while intoxicated, but no traffic citation was issued.

Brandon's official report contained a specific statement that "a complaint might follow later." On December 28, 1982 a formal complaint was issued charging Freed with driving while under the influence, a violation of § 39–08–01, NDCC. The arrest warrant was served on January 25, 1983, when Freed voluntarily appeared before the court in response to a call from the sheriff's office.

Freed moved to suppress the blood test results on the grounds that the blood sample was taken without a search warrant; that he had never voluntarily consented to the taking of the blood sample; and that Brandon had not informed him that he was under arrest while he was in the emergency room.

After a hearing the court granted the suppression motion without stating the *factual* basis for its ruling.

The State filed a timely notice of appeal but neglected to file the prosecuting attorney's statement required by § 29–28–07, NDCC.[1] Freed subsequently filed a motion to dismiss the State's appeal on the ground that the filing of a prosecutor's statement is jurisdictional. The State then filed a motion for leave to file the statement late, contending that case law supports the position that mere failure to file the statement, particularly when the defendant does not challenge the statement's content, does not warrant dismissal of the appeal.

■ When an appeal by the State in a criminal action is authorized by statute, the notice of appeal must be filed with the clerk of the trial court within 30 days after the entry of the order or judgment appealed from. Rule 37(b), NDRCrimP and Rule 4(b), NDRAppP. The date the order or judgment is entered in the criminal docket determines when the time starts to run. Trial courts may extend the time for filing the notice of appeal for a period not to exceed 30 days upon a showing of excusable neglect. As we noted in *State v. Metzner,* 244 N.W.2d 215, 220 (N.D.1976), this court can waive compliance with procedural rules addressed to the perfection or prosecution of an appeal but it cannot waive compliance with the jurisdictional requirement that the notice of appeal be timely filed. Rule 26(b), NDRAppP.

■ Freed urges this court to characterize the prosecutor's statement as an integral part of the notice of appeal, making the statement a jurisdictional rather than a procedural requirement. Rule 3(c), NDRAppP, and Rule 37(c), NDRCrimP, state only that the notice of appeal shall designate the party or parties taking the appeal, what is being appealed from, and the court to which the appeal is taken. We decline, without amendment of the rules, to enlarge the contents of the notice of appeal to include the prosecuting attorney's statement. This court may, however, impose whatever sanctions, including dismissal, that it deems appropriate for failure to comply with the statute.

In *Gerhardt v. Fleck,* 251 N.W.2d 764 (N.D.1977), we summarized cases in which we granted motions to dismiss for failure to comply with rules and procedures, and also cases in which we denied motions to dismiss on those grounds. Those cases and others

---

1. Section 29–28–07, NDCC gives the State the right to appeal from certain orders in criminal cases. In 1977 the section was amended to add subdivision 5, which allows the State to appeal from an order suppressing evidence as follows:

   "5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the deprivation of the use of the property ordered to be returned or suppressed or of a confession or admission ordered to be suppressed has rendered the proof available to the state with respect to the criminal charge filed with the court, (1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed. The statement shall be filed with the clerk of district court and a copy thereof shall accompany the notice of appeal."

   In this case the State did not attempt to file the required statement until after the time for appeal had expired and after Freed had made a motion that this court dismiss the appeal.

reveal that several considerations affect the determination of whether or not to dismiss an appeal. In *Matter of Estates of Kjorvestad,* 304 N.W.2d 83, 85 (N.D.1981), we listed those questions as follows:

"(1) Has the party making the motion to dismiss been prejudiced by appellant's failure to comply with the rules?

"(2) Has the appellant demonstrated justifiable cause for its failure to comply with the rules?

"(3) Has the appellant cured the defect prior to oral argument and has the record and all the briefs been filed with the court so that the merits can be evaluated?

"(4) Is the underlying appeal meritorious?"

We have frequently expressed a preference to reach the merits of an appeal, but that consideration will not always be the determinative factor. *Jostad v. Jostad,* 285 N.W.2d 583 (N.D.1979); *State v. Packineau,* 270 N.W.2d 336 (N.D.1978).

▮▮▮ The State argues that its appeal should not be dismissed because of the preferred policy of deciding an appeal on the merits and because, in previous cases, this court has not dismissed appeals for failure to comply. This argument gives no weight to the repeated warnings in those cases that failure to file a prosecutor's statement could result in a dismissal of the appeal in the future.

The first case in which we considered the requirements of § 29–28–07, NDCC, after the 1977 amendment added subsection 5, was *State v. Harris,* 286 N.W.2d 468 (N.D. 1979). In *Harris,* no copy of the prosecutor's statement was ever filed. Because the pertinent language of § 29–28–07(5) was new and defendant's counsel had never objected to the prosecutor's oversight of the procedural requirements, we treated the situation as a waiver of the right to object and proceeded to a determination on the merits. In doing so we noted the similarity between the North Dakota statute and Minnesota's statutory provisions, and the fact that the Minnesota Supreme Court had allowed a similar prosecutorial mistake when its statutory provisions were still new. *See*

*State v. Kinn,* 288 Minn. 31, 178 N.W.2d 888 (1970).

We next considered the filing requirement in *State v. Fields,* 294 N.W.2d 404 (N.D.1980). Although we declined to dismiss the appeal, we said that we did not "... mean that in the future this court will not consider dismissing appeals for failure to file the prosecutor's statement with the notice of appeal." *Id.* at 406.

In *State v. Borden,* 316 N.W.2d 93 (N.D. 1982), in declining to dismiss the appeal we repeated the warning enunciated in *Fields, supra,* that we did not condone delays in filing and would consider dismissing future appeals for failure to file.

The issue presented in *State v. Dilger,* 322 N.W.2d 461 (N.D.1982), relied upon by the State, concerned the sufficiency of the content of the prosecutor's statement rather than the failure to timely file the statement. In *Dilger* we dismissed the appeal because the State failed to establish that the suppression order effectively destroyed the State's case.

Our most recent encounter with a failure to comply with the requirements of § 29–28–07(5) was *State v. Perbix,* 331 N.W.2d 14 (N.D.1983). We once again declined to dismiss the appeal; however, we did note the caveats from the *Fields* case and added that "the procedures governing the State's right to appeal from an order suppressing evidence should not be taken lightly, and once again we express our disapproval of this delay in filing." *Perbix, supra,* 331 N.W.2d at 17.

In previous cases, both civil and criminal, we have refused to dismiss an appeal for various reasons, always noting, however, that the particular requirement was relatively new and cautioning that, after an opportunity to become familiar with the requirement, it would be enforced. We have said that "we do not intend that our admonitions be treated as an 'empty noise.' The rules must be treated respectfully." *Jostad, supra,* 285 N.W.2d at 585.

The statutory requirement of filing a prosecutor's statement with the notice of

appeal has been in effect for over five years. All state's attorneys have had sufficient time to become fully familiar with its provisions. We can no longer permit our previous admonitions to be disregarded by merely repeating a threat to enforce the requirement. There would be no reason for having a rule or requirement if we did not enforce compliance, nor would the ends of justice be promoted if we were to exercise our discretion to disregard rules without justification. *McCullough v. Swanson,* 245 N.W.2d 262, 265 (N.D.1976).

In the interest of justice and to prevent abuse of the appellate process, the motion to dismiss is granted. We conclude that, under the circumstances, motion costs are not justified.

GIERKE and SAND, JJ., concur.

VANDE WALLE, J., concurs in result.

ERICKSTAD, Chief Justice, dissenting.

The majority opinion, without distinguishing this case from previous cases decided by this Court, has granted a motion on the part of the defense to dismiss the appeal taken by the State without reaching the merits of the case. In so doing, it cites a decision of this Court which lists four questions which should be answered in determining whether or not a motion to dismiss on procedural grounds should be granted. It does not, however, attempt to apply those questions to this case. *In Matter of Estates of Kjorvestad,* 304 N.W.2d 83 at 85 (N.D.1981).

The basis of the majority opinion seems to be that as our patience is at an end, having admonished states attorneys in the past, we must now set an example by granting the motion to dismiss in this case. This ignores the interest of the public in the prosecution of criminal cases in general and driving under the influence of intoxicating liquor cases in particular. It does not enhance the image of the judicial system nor does it safeguard any constitutional right or principle.

If a sanction is necessary, it would seem that a less harsh one could be found. The solution may in fact lie, not in dismissal nor in sanctions, but in comprehensive training sessions which would not disrupt the judicial system nor reflect adversely upon it.