Duane BYE, Plaintiff and Appellant,

v.

**FEDERAL LAND BANK ASSOCIATION OF GRAND FORKS, a federally chartered corporation, Elmer Hillesland, Lee Reddig, Ryan Westgard, First State Bank of Sharon, a North Dakota Corporation and Warren Bud Smith, Defendants and Appellees.**

Civ. No. 870243.

Supreme Court of North Dakota.

April 18, 1988.

Mack, Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for plaintiff and appellant; argued by Jane M. Freeman.

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Ltd., Grand Forks, for defendants and appellees Federal Land Bank Ass'n of Grand Forks, Elmer Hillesland,

Lee Reddig, and Ryan Westgard; argued by Gordon W. Myerchin.

Vaaler, Gillig, Warcup, Woutat, Zimney & Foster, Grand Forks, for defendants and appellees First State Bank of Sharon and Warren Bud Smith; argued by Allen J. Flaten.

GIERKE, Justice.

Duane Bye appeals from a district court judgment dated July 28, 1987, granting summary judgment in favor of First State Bank of Sharon and Warren Bud Smith. We dismiss the appeal.

On September 5, 1984, Duane Bye (Bye) filed suit for wrongful distribution of loan funds against two sets of defendants.[1] Bye sought damages from Federal Land Bank and three of its employees: Elmer Hillesland, Lee Reddig, and Ryan Westgard (hereafter collectively referred to as Federal Land Bank). Bye also sought damages from First State Bank of Sharon and its president, Warren Bud Smith (hereafter collectively referred to as Sharon Bank). Sharon Bank counterclaimed for obligations owed on two promissory notes executed by Bye.

On July 28, 1987, the district court granted summary judgment in favor of Sharon Bank dismissing Bye's complaint and granting Sharon Bank's counterclaim. On August 18, 1987, the district court granted summary judgment in favor of Federal Land Bank dismissing Bye's complaint against them. Bye filed a notice of appeal on August 24, 1987.

On December 15, 1987, Sharon Bank filed a motion for dismissal and/or assessment of costs. Sharon Bank alleged that Bye violated the provisions of Rule 30(b) of the North Dakota Rules of Appellate Procedure [2] by failing to prepare and file an appendix in this case. Sharon Bank's counsel submitted with the motion an affidavit in support of assessment of costs which states that Sharon Bank incurred $460.00 in costs and attorney's fees in preparing and filing the appendix.

In response to the motion, Bye's counsel admits that she did not provide an appendix and therefore failed to comply with Rule 30(b) of the North Dakota Rules of Appellate Procedure. In addition, Bye's counsel states that she is willing to reimburse Shar-

1. The allegations in the instant case are based upon a failed land sale arrangement between Duane Bye and Roger Elvick. *See Bye v. Elvick,* 336 N.W.2d 106 (N.D.1983).

2. Rule 30, N.D.R.App.P., provides in part as follows:

"RULE 30. APPENDIX TO THE BRIEFS
"(a) Duty of Appellant to Prepare and File; Contents of Appendix; Time for Filing; Numbers of Copies. *The appellant shall prepare and file a separately bound appendix to the briefs which must contain a table of contents, with page references, and only the following relevant portions of the lower court record:*

\* \* \* \* \* \*

"(b) Determination of Contents of Appendix; Cost of Producing. The parties are encouraged to agree as to the contents of the appendix. In the absence of written agreement, the appellant shall serve on the appellee a designation of the parts of the record the appellant intends to include in the appendix and a statement of the issues the appellant intends to present for review. The designation must be served not later than 10 days after the transcript is filed, but if a transcript is not required, than not later than 10 days after the record is filed. If the appellee deems it necessary to direct the particular

attention of the court to parts of the record not designated by the appellant, the appellee, within 10 days after receipt of the designation, shall serve upon the appellant a designation of those parts. If a cross-appeal is filed, the appellee, within that period, shall serve upon the appellant a statement of the issues the appellee intends to present in the cross-appeal. The appellant shall include in the appendix the parts thus designated. In designating parts of the record for inclusion in the appendix, the parties shall have regard for the fact that the entire record is always available to the court for reference and examination and must not engage in unnecessary designation.

"Unless the parties otherwise agree, the cost of producing the appendix must initially be paid by the appellant, but if the appellant considers that parts of the record designated by the appellee for inclusion are unnecessary for the determination of the issues presented the appellant may so advise the appellee and the appellee shall advance the cost of including those parts. The cost of producing the appendix must be taxed as costs in the case, but if either party causes matters to be included in the appendix unnecessarily the court may impose the cost of producing those parts on that party."

on Bank for reasonable attorney's fees and costs incurred in the preparation of the appendix.

■ Failure to comply with the Rules of Appellate Procedure may be grounds for dismissal of the appeal. Rules 3(a) and 13, N.D.R.App.P.; *Estate of Raketti*, 340 N.W. 2d 894, 897 (N.D.1983); *Kastrow v. Kastrow*, 310 N.W.2d 573, 574 (N.D.1981). The determination of whether or not to dismiss an appeal for failure to comply with the Rules of Appellate Procedure rests wholly within the discretion of this Court. *Estate of Raketti, supra; Kastrow v. Kastrow, supra.*

■ We conclude that dismissal of the appeal for failure to prepare and file an appendix is not warranted in this case. However, in an effort to encourage compliance with the appellate rules, we assess costs in the amount of $460.00 against Bye to compensate Sharon Bank for costs and attorney's fees incurred in preparing and filing the appendix.

In the instant case, Federal Land Bank requests that the appeal be dismissed as to them because Bye's notice of appeal fails to grant jurisdiction. Additionally, Sharon Bank states that Bye's claims against them are so interwoven with Bye's claims against Federal Land Bank that if the appeal is dismissed as to Federal Land Bank then the appeal against them should also be dismissed.

Bye agrees that the claims against Sharon Bank are so interwoven with the claims against Federal Land Bank as to preclude consideration of the issues without Federal Land Bank as a party. Also, Bye has not raised any issues as to that portion of the judgment granting Sharon Bank's counterclaim on the two promissory notes. Thus, Bye concedes that if this Court concludes that there is no appellate jurisdiction as to

Federal Land Bank then the appeal must also be dismissed as to Sharon Bank.

Accordingly, we must determine whether or not Bye's notice of appeal conferred appellate jurisdiction as to Federal Land Bank. We have stated that it is our duty to dismiss an appeal if we conclude that the attempted appeal fails for lack of jurisdiction. *Gast Construction Co. et al. v. Brighton Partnership et al.*, 422 N.W.2d 389 (N.D.1988); *Davis v. State Job Service*, 365 N.W.2d 497, 499 (N.D.1985); *Union State Bank v. Miller*, 358 N.W.2d 222, 223 (N.D.1984); *Hennebry v. Hoy*, 343 N.W.2d 87, 89 (N.D.1983).

In the instant case, Bye's notice of appeal stated that "the Plaintiff, Duane Bye, hereby appeals to the North Dakota Supreme Court from the Summary Judgment entered by this Court on the 28th day of July, 1987." The judgment entered on July 28, 1987, dismissed Bye's claims against Sharon Bank. The judgment dismissing Bye's claims against Federal Land Bank was entered August 18, 1987. Thus, Bye has not appealed from the judgment entered in favor of Federal Land Bank.

■ Bye's counsel made an oral motion on appeal to amend the notice of appeal to include the judgment entered on August 18, 1987. No appeal was taken from that judgment and the time for appeal as set out in Rule 4(a), N.D.R.App.P.,[3] expired 90 days after notice of entry of judgment was served. Accordingly, this Court is without jurisdiction to consider the appeal or the motion to amend the notice of appeal. *See First Nat. Bank of Hettinger v. Dangerud*, 316 N.W.2d 102, 104 (N.D.1982); *State v. Lawson*, 321 N.W.2d 514, 515 (N.D.1982). The motion to amend the notice of appeal is therefore denied.

■ Because we have concluded that the notice of appeal is insufficient to establish

---

3. The time limit for filing a notice of appeal under Rule 4(a), N.D.R.App.P., is mandatory and jurisdictional. *Cottle v. Kranz*, 231 N.W.2d 777, 779 (N.D.1975). In *First Nat. Bank of Hettinger v. Dangerud*, 316 N.W.2d 102, 104 (N.D. 1982), the time limit imposed by Rule 4(a), N.D.R.App.P., was explained as follows:

"A notice of appeal must be filed in the trial court within 60 days of the date of the service of notice of entry of judgment. Rule 4, NDRAppP. Upon a showing of 'excusable neglect,' the trial court may extend the time period an additional 30 days."

this Court's jurisdiction as to Federal Land Bank, the appeal must be dismissed as to them. In addition, the appeal must be dismissed as to Sharon Bank because consideration of the claims against Sharon Bank are dependent upon the claims against Federal Land Bank.

For the reasons stated, the appeal is dismissed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.