**Robert E. MOE, Plaintiff and Appellant,**

v.

**Nancy MOE n/k/a Nancy Kerzman, Defendant and Appellee.**

**Civ. No. 900106CA.**

Court of Appeals of North Dakota.

Sept. 13, 1990.

Mack, Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for plaintiff and appellant; argued by Shirley A. Dvorak.

McConn, Fisher, Olson & Daley, Grand Forks, for defendant and appellee; argued by Tim Fisher, 3rd year law student. Appearance by Richard W. Olson.

PER CURIAM.

Robert Moe appealed from a Third Amended Judgment and Decree entered by the district court on December 29, 1989, modifying the child support provisions of a prior judgment. We dismiss the appeal.

The appellee, Nancy Moe, requests us to dismiss this appeal on the ground that Robert failed to file a timely notice of appeal.

Although there is no record evidence that a notice of entry of the Third Amended Judgment and Decree was served upon Robert, his attorney conceded during oral arguments that such notice was mailed on December 29, 1989, and was received on January 2, 1990. Service by mail is complete upon mailing. Rule 5(b), N.D.R.

Civ.P.; Rule 25(c), N.D.R.App.P. Consequently, the service of notice of entry of the judgment was completed on December 29, 1989, the date Robert concedes that the notice was mailed to him.

Pursuant to Rule 4, N.D.R.App.P., a notice of appeal must be filed with the clerk of the trial court "within 60 days of the date of the service of notice of entry of the judgment or order appealed from." Because the notice of entry of the judgment was mailed to Robert, he was entitled to an additional three days within which to file a timely notice of appeal. Rule 6(e), N.D.R. Civ.P. In computing the time period in which Robert was required to file the notice of appeal, the date that the notice was mailed to him is not included in the computation. Rule 6(a), N.D.R.Civ.P. Thus, the time period is counted from December 30, 1989, and the 63 day period for filing a timely appeal expired on Friday, March 2, 1990.

■ Robert mailed the notice of appeal on March 2, 1990, but it was not received or filed by the clerk of the trial court until Monday, March 5, 1990. Filing is not timely unless the papers are received by the clerk within the time fixed for filing. Rule 25(a), N.D.R.App.P. We conclude, therefore, that the appeal was not timely.

■ The time limit for filing a notice of appeal under Rule 4(a), N.D.R.App.P., is mandatory and jurisdictional. *Bye v. Federal Land Bank Association,* 422 N.W.2d 397 (N.D.1988). As Robert failed to file a timely appeal, this court is without jurisdiction to consider his appeal. Therefore, Nancy's request for dismissal is granted.

Nancy requests this court to award her double costs and attorney fees under Rule 38, N.D.R.App.P., on the ground that the appeal was frivolous. For purposes of this request we have reviewed the record, and we conclude that relief under Rule 38, N.D. R.App.P., is not warranted. Nancy's request is, therefore, denied.

Appeal dismissed.

DOUGLAS B. HEEN, Surrogate Judge, and JOHN T. PAULSON and WALLACE B. BERNING, District Judges, concur.